ARTHUR G. LANGMANN, APPELLEE, v. A. J. GUERNSEY ET AL., APPELLEES; F. E. BROWN, APPELLANT.

FILED JANUARY 30, 1914. No. 17,473.

Appeal: EQUITY: CREDIBILITY OF WITNESSES. Where the examination of the record on appeal in a suit in equity leaves an appellate court in doubt as to the equities between the parties, the doubt depending solely upon the credibility of material witnesses who testified orally upon the trial, such doubt will, ordinarily, be resolved in favor of the correctness of the judgment of the trial court.

APPEAL from the district court for Boone county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*Allbert & Wagner* and *Frank D. Williams,* for appellant.

*Harrison & Prince, H. C. Vail* and *W. H. Thompson,* contra.

FAWCETT, J.

From a decree of foreclosure in the district court for Boone county, in favor of appellee, defendant Brown appeals.

The petition is in the usual form for the foreclosure of a real estate mortgage. The answer admits the execution

and delivery of the mortgage and of the note secured thereby, and for 'defense alleges that the consideration for the note was an automobile, which at the time was owned and in the possession of plaintiff by virtue of a contract between him and Ricker, the original payee named in the note; that plaintiff and Ricker, for the purpose of inducing defendants to buy the automobile, made false representations as to the quality and value of the automobile, and warranted the same to be as represented; that 'defendants were wholly ignorant of the true condition and value of the automobile and, relying upon the representations made by plaintiff and Ricker, and believing the same to be true, and upon the faith and strength of their warranty, bought the automobile and executed and delivered the note and mortgage in suit; that if the automobile had been as represented and warranted it would have been of the fair and reasonable value of $2,700, but that said representations were wholly false; that the automobile was old, in bad condition, and was worth not to exceed the sum of $350, all of which was well known to plaintiff at the time the note and mortgage were transferred to him. The reply was a general denial.

This case was filed and briefed while the abstract law was in force. Defendant filed an abstract of ten pages, with which was bound his brief consisting of two pages. Plaintiff did not prepare and file an additional abstract, as he might have done under the rules, but in his brief objects to the abstract prepared by defendant on the ground that it contains "only a most meager review of the evidence. It does not purport to contain a final judgment." In the latter contention counsel is in error. The abstract recites that the court upon the issues joined between the plaintiff and defendants found for plaintiff in the full amount of his note and interest and decreed a foreclosure of the mortgage. This was sufficient. If the abstract contained so "meager" a review of the evidence as to render it objectionable, it was the duty of plaintiff to prepare an additional abstract, and ordinarily we would not look to the bill of exceptions.

Counsel for defendant, however, in discussing one of the important points in the case in his brief said: "As to plaintiff's posing as an innocent purchaser, the court will have to read the whole record to appreciate the humor of that contention." We have accepted this invitation of counsel "to read the whole record." Having done so, we are impressed with the idea that it presents a case of two professional traders, one owning a more or less worthless automobile, and the other owning some heavily mortgaged sand hills in Boone county. Ricker saw fit to accept the sand hills without examination. Defendant saw fit to accept the automobile after examination. Reading the whole record, we are left in grave doubt as to whether either of the parties profited or suffered to any great extent in this trade. After examining the record, we are compelled to say that, while we think the sand hills were worth a little more than the automobile, we cannot say that the district court, who saw the witnesses upon the stand and is more familiar with the surroundings than we possibly could be, erred in entering a decree foreclosing the mortgage.

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.