OCCIDENTAL BUILDING & LOAN ASSOCIATION, APPELLEE, V. JAMES W. ADAMS ET AL., APPELLANTS.

FILED JUNE 23, 1914. No. 17,791.

1. Judgment: JOURNAL ENTRY: POWER TO CORRECT. The district court has jurisdiction at any time after decree is pronounced, and before it is complied with, upon motion and satisfactory evidence, to correct an error in the journal entry of the decree.

2. Appeal: THEORY OF CASE. If the motion to correct the journal entry is ambiguous, and is treated by all parties and the court as a motion to review the evidence and modify the decree, it will be so considered in this court.

3. Appeal in Equity: EVIDENCE. In an action in equity which this court must try de novo without reference to the findings and decree of the trial court, if the evidence of two witnesses who testified orally before the trial court is conflicting or contradictory, and it appears from the record that the trial court might have believed one of them rather than the other, this court will consider that fact in weighing the evidence of such witnesses.

4. Judgment: MOTION TO CORRECT JOURNAL ENTRY: SUFFICIENCY OF EVIDENCE. The evidence indicated in the opinion is held sufficient to support the order of the trial court refusing to modify or change the decree.

APPEAL from the district court for Frontier county: ERNEST B. PERRY, JUDGE. *Affirmed.*

W. S. *Morlan* and J. L. *White,* for appellants.

C. S. *Polk* and L. H. *Cheney, contra.*

SEDGWICK, J.

Upon the trial of an action to foreclose a real estate mortgage, the district court for Frontier county made findings of the amount due the plaintiff, and pronounced a decree of foreclosure. About a year afterwards the defendants filed a motion, which they now consider in their brief as a motion to correct the record of the judgment so pronounced, so as to make the record comply with the judgment of the court. Upon the trial the court found that the journal entry of the judgment was correct, and overruled the motion, and from this order overruling the motion the defendants have appealed.

The wording of the motion was "to correct the judgment and decree entered in the above entitled cause on the 29th day of March, 1910, so that the journal and records of this court, when so corrected, shall state accurately the amount of the plaintiff's recovery against defendants in said case, and comply with the order and decree as at the time made." The plaintiff construes this as a motion to modify the decree, and his brief is made upon that theory. The motion was not to correct the record of the decree, but to correct the decree itself; but, as it refers to the decree "entered" in the cause, and specifies that the object of correcting it is that it "shall state accurately the amount of plaintiff's recovery, * * * and comply with the order and decree as at the time made," it would seem that it might have been treated simply as a motion to correct the record in accordance with the decree actually pronounced. It appears that the court took some evidence on the part of the plaintiff, and in the absence of the defendants, at chambers outside of the county where the trial was had, but this seems to have been ignored as beyond the jurisdiction of the court, and a formal trial of the

motion was had in the proper county. At this trial the defendants appear to have first introduced their evidence, and in doing so attempted to show the amount that was actually due the plaintiff as the case was submitted in the original trial. This evidence was received by the court without objection, and after the defendants had rested the plaintiff introduced evidence at large showing the condition of the issues and evidence and the amount that was actually due to the plaintiff at the time of the trial. The defendants made formal objection to this evidence, or at least to some of it, but did not specify the particular objection that, as they now claim, this was purely a motion to correct the record of the judgment pronounced, and not a motion to correct the judgment itself. While the objection entered by the defendants was the usual one, and was sufficient in form to have raised the question, it appears from the evidence offered in the first instance by the defendants, and from other matters in the record, that defendants themselves assumed that the amount actually due upon the mortgage was in controversy upon this motion. The personnel of the court had changed after the original trial and another judge heard the motion. It was stipulated between the parties that the affidavit of the judge who tried the cause might be taken and might be read in evidence as a deposition, which was done, and his affidavit, as well as other evidence in the case, tends to show that the journal of the court does not correctly set out the decree actually pronounced. The evidence was that in the original trial the court and the parties found some difficulty in computing the amount due the plaintiff. The plaintiff's attorney had prepared a journal entry, leaving a blank for the amount to be found by the court, and, all parties being present in court, he inserted in the blank left for that purpose the amount which he understood the court to pronounce as the amount of the decree. The judge then signed the draft for the journal entry and it was duly entered in the journal by the clerk. This was all done in open court, and there is no doubt shown in the record that the plaintiff's attorney

acted in good faith in the matter, supposing that he had entered the amount pronounced by the court.

There were two actions for foreclosure of real estate mortgage pending in the court between these same parties. The action that we are considering followed immediately after the other upon the judge's trial docket, one being term number 22 and the other term number 23. The amount found due in the former was entered upon the trial docket, 1,600 and some odd dollars, and the judge also entered upon the trial docket of this case the amount found to be due, $1,620. In his affidavit, made a year later, he states that his memory is that the amount of the decree in this case was $1,620. If his memory is accurate and he has not confused these two cases, this evidence is, of course, of great importance.

It seems clear from the whole record that the judge who heard this motion and the attorneys who presented it considered that the amount actually due the plaintiff was an issue being tried upon this motion. We think, therefore, this court should now so consider it. One of the defendants testified to the payment that had been made upon the mortgage, and that he had made a computation of the amount due at the time of the original trial, and stated that amount to be something more than $200 above the amount which he contends was the amount of the decree. The note and mortgage provided for 6 per cent. interest per annum, and also provided for a weekly payment of premium. The payments that the witness testified to were substantially the same as those conceded by the plaintiff, but he stated that he figured the interest at 6 per cent. and took no account of the premiums, as he did not have the necessary papers with him at the time to compute the amount. The plaintiff produced a witness who was familiar with the whole transaction, and who testified to the dates and amounts of payments, and also to the amount of the premiums, which, together with the 6 per cent., would make the actual amount of the interest something over 9 per cent. per annum. The court found that the interest on the loan was 9 per cent. and a fraction, and this differ-

ence in the rate of interest would partly account for the different results obtained. The trial court saw these witnesses upon the stand and heard them testify, and seems, so far as their testimony conflicted, to rely upon the testimony of the plaintiff's witness. We cannot say that the trial court was in error in so doing. Indeed, the evidence of this witness impresses us as more consistent and reliable than the evidence of the witness produced by the defendants.

The evidence is not as satisfactory as could be wished, and the case is not free from doubt; but, upon the whole record, we do not feel justified in reversing the judgment of the trial court.

AFFIRMED.