MCLAUGHLIN BROTHERS, APPELLANT, v. BENJAMIN W. HILLIARD ET AL., APPELLEES.

FILED DECEMBER 4, 1914. No. 17,856.

Appeal in Equity. "Where the examination of the record on appeal in a suit in equity leaves an appellate court in doubt as to the equities between the parties, the doubt depending solely upon the credibility of material witnesses who testified orally upon the trial, such doubt will, ordinarily, be resolved in favor of the correctness of the judgment of the trial court." *Langmann v. Guernsey*, 95 Neb. 221.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed.*

*Morning & Ledwith,* for appellant.

*Claude S. Wilson* and *Hainer & Craft, contra.*

FAWCETT, J.

Plaintiff brought suit in the district court for Lancaster county, to foreclose a mechanic's lien for lumber furnished defendant Mellor, a contractor, and used by him for the improvement of a dwelling-house belonging to defendant Hilliard.   During the trial defendant Mellor brought into court $60 and tendered the same to plaintiff, which tender was refused.   The findings were in favor of defendant Hilliard, and as to him plaintiff's lien was canceled and his petition dismissed.   The court found due from defendant Mellor to plaintiff $56.30, and ordered that the same be paid to plaintiff out of the money which had been deposited by Mellor.   Plaintiff appeals.

It is not disputed that plaintiff furnished the material for which relief is sought, nor is there any dispute that Mr. Hilliard paid the contractor in full.   The case turns upon the credibility of the witnesses as to a certain check for $622.34, given by Mellor to plaintiff.   When this check was given, Mellor informed plaintiff that he did not then have money in the bank to pay the check, and requested that it be held until a date named.   On that day the check was deposited by plaintiff in its bank, and shortly thereafter was returned to plaintiff, not paid for want of funds. Mellor's attention was called to the fact that his check had been dishonored.   He testifies that about two days later he went to the office of plaintiff and paid to the secretary (who was also treasurer) the $622.34 in cash and obtained the return of his check.   The secretary positively denies that any such payment was made.   He testifies that the check was taken up on October 5 by the payment by Mellor of $250 in cash, and the giving of another check for $372.34, which check was post-dated October 25.   Mellor positively denies that he paid $250 in cash either at that or any other time, and explains the giving of the check for $372.34 as follows:  "I said: 'Here is a check for $372.34; $11.34 to apply on the Conway job, and the balance on the Hilliard job.' "   On the back of the check was noted in pencil:  "Conway & 1305 N 25."   "1305 N 25" is shown to have meant 1305 North Twenty-fifth street, which is the

property upon which Mellor was doing the work for defendant Hilliard. We have examined and re-examined the record, in an effort to determine which of these two witnesses is the better corroborated by the other evidence in the case, but we are unable to decide that question. There are some circumstances shown which seem to corroborate the secretary, and others which seem equally to corroborate Mr. Mellor. In such a state of the record, we have no alternative but to apply the rule announced in *Langmann v. Guernsey,* 95 Neb. 221, where we held: "Where the examination of the record on appeal in a suit in equity leaves an appellate court in doubt as to the equities between the parties, the doubt depending solely upon the credibility of material witnesses who testified orally upon the trial, such doubt will, ordinarily, be resolved in favor of the correctness of the judgment of the trial court."

We believe that rule to be sound, and, being unable from the cold record before us to determine the question of credibility of the witnesses in this case, the judgment of the district court is

AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.