JOSEPH A. WYNEGAR, APPELLANT, V. GEORGE DOBSON ET AL., APPELLEES.

FILED MAY 1, 1915. No. 18103.

Appeal in Equity: AFFIRMANCE. In an action in equity, where the evidence is conflicting, the findings of the trial court, based upon the testimony of witnesses who appeared in person before it, are entitled to consideration, and may, in a doubtful case, determine whether the plaintiff has sustained the burden of proof necessary to entitle him to the relief prayed:

APPEAL from the district court for Butler county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*C. M. Skiles,* for appellant.

*Matt Miller, contra.*

LETTON, J.

Action to quiet title. Defendants prevailed, and plaintiff appeals.

The petition, in substance, alleges that on July 1, 1902, one McCarty, a resident of Lincoln, owned five lots in the village of Ulysses, Butler county; that on that day he executed a quitclaim deed to Godfrey Rihart; that Rihart paid $5 down, and was to pay the balance of the purchase price, amounting to $10, within 60 days from date; that the deed was placed in the hands of one Lord, with the agree-

ment that if the balance was not paid within that time the deed was to be returned to the grantor, and the $5 paid considered as rent; that Rihart failed to pay the amount, and his interest in the property was thereby forfeited; that a long time afterwards, and after Rihart ceased to claim any interest in the lots, McCarty and his wife executed a warranty deed of the premises to Joseph A. Wynegar, the plaintiff, and delivered it to defendant Dobson, with instructions to deliver it to plaintiff; that Dobson failed so to do; that afterwards Dobson, without authority, obtained possession of the quitclaim deed to Rihart, and that Rihart executed and delivered to him a quitclaim deed on the 2d of January, 1908; that both of these were recorded, and both defendants knew at the time of these transactions that the plaintiff was the owner of the premises; that afterwards McCarty executed and delivered to plaintiff another warranty deed on the 28th day of April, 1909, which was recorded after the other deeds. The petition alleges that the plaintiff went into possession of the premises by virtue of the deeds made by McCarty and has ever since been in possession..

The answers deny that the deed to Rihart was placed in escrow with Lord, allege that Rihart purchased the lots for the sum of $25, and under the agreement made took possession of the same, fenced them, and continued in possession from 1897 till about the 2d of January, 1908; that the deed from McCarty to Rihart was placed in escrow in the hands of the First Bank of Ulysses, to be held until he paid the balance due; that Rihart paid $10 on the deed at the time of purchase, afterwards paid the balance, and the deed was delivered to him by the bank; that he afterwards conveyed the premises to defendant Dobson; that the conveyance from McCarty to Wynegar was made with full knowledge that Rihart was the owner and in possession of the lots, and that the recording of that deed creates a cloud upon defendants' title. There is a prayer for affirmative relief.

The evidence on behalf of each party sustains, in the main, his respective plea. There is a direct conflict in the

testimony, and there is very little evidence as to the surrounding circumstances which aids the court in determining the truth or falsity of the several stories. The evidence of Mr. Lord was not taken, and McCarty and Rihart flatly contradict each other as to the original agreement. Wynegar procured possession from Rihart by agreement. It was asserted that Rihart disclaimed ownership more than once, but this he denies. The trial court had the advantage of seeing the witnesses and hearing them testify, and its judgment as to their credibility is worthy of consideration.

It was for the plaintiff to sustain the burden of proof. We are unable to say that he has done so by a preponderance of the evidence, especially in view of the result reached by the district court. This being the case, the judgment of the district court should be, and is,

AFFIRMED.

FAWCETT, SEDGWICK and HAMER, JJ., not sitting.