CLARENCE L. SHAFER, ADMINISTRATOR, APPELLANT, V.
BEATRICE STATE BANK, APPELLEE.

FILED FEBRUARY 5, 1916.   No. 18326.

1. **Appeal in Equity:** TRIAL DE NOVO. Upon appeal in actions in equity, this court is required by the statute to try the issues *de novo*, without reference to findings of the trial court; but, when the testimony of witnesses orally examined before the court upon the vital issues in the case is conflicting, so that it would be impossible that both versions of the transaction can be true, this court will consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite.

2. ————: CONFLICTING EVIDENCE. When witnesses, of apparently equal credibility, disagree in their testimony as to an important fact, circumstances in the evidence which tend to indicate which version of the transaction is reliable will be carefully considered.

3. ————: SUFFICIENCY OF EVIDENCE. The evidence in this case is considered to justify the findings of the trial court.

APPEAL from the district court for Gage county: LEANDER M. PEMBERTON, Judge.   *Affirmed.*

*Burkett, Wilson & Brown,* for appellant.

*Sackett & Brewster, contra.*

SEDGWICK, J.

In April, 1912, Mary V. Shafer, with her daughter Lois Ripley, and O. A. Ripley, the husband of Lois, executed and delivered to the Beatrice State Bank a promissory note for $1,100, payable one year after date. Afterwards Mary V. Shafer began this action in the district court for Gage county, and in April, 1913, Clarence L. Shafer filed an amended petition therein, as administrator of the estate of Mary V. Shafer, in which he alleged that Mary V. Shafer "departed this life  *  *  *  on the 24th day of November, 1912," and that thereafter he was duly appointed administrator of her estate. In his amended petition he asks "that

the defendant, the Beatrice State Bank, be perpetually enjoined from selling, negotiating, indorsing or transferring the said note, and that the said note as to the said Mary V. Shafer and her estate be canceled, annulled and held for naught, and for such other, further and different relief as equity may require." It appears that O. A. Ripley had sold a note in the same amount to the bank, which bore the name of John Wignall as maker, and in which Mr. Ripley was payee. Mr. Wignall denied his signature to the note and refused to pay the same, and afterwards, as a witness in the case, testified that he never signed the note and did not know that the note had been executed to Mr. Ripley. The note executed by Mrs. Shafer was given in lieu of the Wignall note, and it was alleged that Mrs. Shafer's signature to this note was procured by duress by Mr. Harden, the vice-president of the bank, and that this note was given on an agreement to compound a felony and prevent a prosecution against Mr. Ripley for forging the Wignall note. The defendant admitted purchasing the Wignall note, and alleged that it was a forgery, admitted that the note now in question was taken by the bank in lieu of the Wignall note, and denied that this note was procured by duress or that there was any agreement to compound the felony. The court found generally in favor of the defendant, and the plaintiff has appealed.

It appears that a meeting was held by the various parties interested, at which the plaintiff Clarence L. Shafer, Mr. Ripley, and Mrs. Shafer, and two daughters of Mrs. Shafer, Mrs. Ripley and Mrs. Ella Doty, and Thomas Harden, the vice-president of the bank, were present. This plaintiff and Mrs. Doty testified directly and positively to language used by Mr. Harden and statements made by him which would strongly tend to prove the allegations of the petition. Mrs. Ripley testified that she was present during the whole transaction, and she as emphatically denied that any such language was used by Mr. Harden or any such statements made by him. Mr. Harden was called as a witness in behalf of the bank and was asked to testify in

regard to the transaction of the execution of the note. This was objected to under the statute on the ground that he had direct legal interest in the result of the suit and could not be allowed to testify to conversations and transactions between himself and the deceased maker of the note. This objection was sustained by the court, but his counsel was allowed to call the witness' attention to the statements of the plaintiff's witnesses as to language used by him, and he was allowed to categorically deny having made the representations and statements attributed to him by the plaintiff's witnesses. His evidence explicitly denies the most important testimony of the plaintiff's witnesses in that regard.

Upon appeal in actions in equity, this court is required by the statute to try the issues *de novo*, without reference to findings of the trial court; but, when the testimony of witnesses orally examined before the court upon the vital issues in the case is conflicting, so that it would be impossible that both versions of the transaction can be true, and it is apparent that the trial court relied upon the evidence of two witnesses rather than that of the two witnesses who oppose them, this court will consider the fact that the trial court had the opportunity of observing the witnesses, their manner of testifying, their probable knowledge and understanding of the facts that they testify to, their interest in the result of the suit, and other circumstances of that nature that might enable him to determine the truth of the matter. This is especially true when there are other circumstances in the case that tend to indicate which version of the transaction is reliable.

It appears that the evening before this note was given, Mrs. Shafer and Mr. Ripley and other members of the family had a conference in regard to the matter, and that at some time during negotiations it was arranged among the relatives that Mrs. Ripley should sign this new note with her husband, and that Mrs. Shafer should also sign it, and if Mr. and Mrs. Ripley were unable, or for any reason failed to pay the note, or any part of it, so that Mrs. Shafer

was required to pay some part of it, the amount so paid by Mrs. Shafer should be deducted from that part of Mrs. Shafer's estate which would otherwise go to her daughter, Mrs. Ripley. It also appears that shortly before that time Mrs. Shafer had made a will whereby she devised and bequeathed to her daughter, Mrs. Ripley, an undivided one-seventh part of her estate, and that after the death of Mrs. Shafer it appears that her estate was of the value of at least $15,000. At the time when this note in question was executed Mrs. Ripley and her husband, in pursuance of this understanding between the relatives, executed and delivered to Mrs. Shafer their promissory note in like amount, and also executed and delivered to her their written agreement, which provided that any amount that Mrs. Shafer might be compelled to pay on account of the note in question should be deducted from Mrs. Ripley's share of her mother's estate. This plaintiff, as administrator of Mrs. Shafer's estate, now holds the note which Mrs. Ripley and her husband executed to Mrs. Shafer, and if the estate is required to pay this note to the bank, or any part of it, there is nothing to indicate that he will be prevented from offsetting such payment against the interest of Mrs. Ripley in the estate under the will. It is not contended that the signature of Mrs. Ripley to the note in question was obtained by duress. These and other circumstances in the case tend strongly to indicate that Mrs. Shafer in signing this note relied upon this family arrangement rather than that she was compelled by duress.

The evidence offered tending to show an agreement to compound a felony is not clear and satisfactory. The petition alleged that the note which it is alleged was forged was delivered by Mr. Harden to Mr. Ripley, but the testimony of all the witnesses was that the note was turned over to Mrs. Shafer. The plaintiff and Mrs. Doty testified to some remarks of Mr. Harden during the negotiations to the effect that a prosecution for forgery would be an unfortunate thing, and similar remarks, but they do not testify to any agreement that such prosecution should be

stifled or prevented in any way, and their testimony as to these statements is denied by Mr. Harden, and also by Mrs. Ripley.

While the case is not free from doubt, it appears that the court tried the case with care, and under all the circumstances we do not feel justified in coming to a different conclusion.

The judgment of the district court is

AFFIRMED.

FAWCETT, J., not sitting.