FRED GREINER ET AL., RECEIVERS, APPELLANTS, v. ROSE B. LINCOLN ET AL., APPELLEES.

FILED NOVEMBER 3, 1917. No. 19692.

1. **Appeal in Equity:** TRIAL DE NOVO. "Upon appeal in actions in equity, this court is required by the statute to try the issues *de novo*, without reference to findings of the trial court; but, when the testimony of witnesses orally examined before the court upon the vital issues in the case is conflicting, so that it would be impossible that both versions of the transaction can be true, this court will consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite." *Shafer v. Beatrice State Bank*, 99 Neb. 317.

2. **Evidence** examined, and *held* to support the finding and judgment of the district court.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed.*

*Harry R. Ankeny,* for appellants.

*Reese, Reese & Stout, contra.*

HAMER, J.

The receivers of the Buffalo Pitts Company, a corporation, are plaintiffs and appellants. At the trial in the district court there was a finding and judgment rendered in favor of the defendants, and the plaintiffs have appealed.

The action was brought on five promissory notes signed by the defendants and a real estate mortgage given by Rose B. Lincoln to secure the payment of the said notes. The notes and mortgage were each dated July 20, 1914. Three of the notes were for $100 each and two were for $150 each, aggregating $600. Each note drew interest at 10 per cent. per annum, payable annually. The mortgage was upon lot 1, block 2, in Lincoln Driving Park Second addition to city of Lincoln. The amended petition set up that no part of the debt had been paid, and contained the usual prayer for the foreclosure of the mortgage.

The separate answer of W. F. Jones admitted the execution and delivery of the notes, and set up that the Buffalo Pitts Company was, at the time of the transaction, engaged in the business of manufacturing and selling threshing machines and separators, and was well acquainted with their quality and value; that the said company sold to the defendant Jones a second-hand threshing machine which was worthless and of no value, and falsely and fraudulently represented to the defendant Jones, through its agents and representatives, that said threshing machine had just been rebuilt from the ground up, that there was not a pimple on the crown sheet, that the engine was in first-class condition, that new flues had just been installed, that it was in condition to do the work required of it by the defendant W. F. Jones, that the boiler would not leak, that the engine was sound, and that the engine would operate the separator with ease; and that all these representations were false and fraudulent, and were believed by the defendant Jones, and were relied upon by him, and that the plaintiff knew that the said representations were

false and untrue; that by reason of such representations the defendant Jones was induced to sign the said notes and deliver the same to the plaintiff.

The defendant Rose B. Lincoln signed the notes and executed the mortgage so as to become a surety for the purchaser, W. F. Jones. In her answer she set up the misrepresentations made to her by the agents of the company, and that she believed such misrepresentations, and relying upon them signed the notes and mortgaged her property to secure the debt. The defendant Jones testified that Stoll said that he was the manager of the company, and that he and Stoll looked the engine over, and that Stoll said that he would guarantee the engine to be rebuilt "from the ground up." Stoll himself testified on behalf of the plaintiff that he had told Jones that the engine was "thoroughly rebuilt from the ground up, and she is." Jones testified that the engine gave him constant trouble, and that it had not been rebuilt. He also testified that Mr. Stoll, the manager of the company, stated to Mr. Jones and Mrs. Lincoln that the engine "had all new flues." Jones also testified that the flues were not new, but that they were old; also, that he fired up the engine and ran it down off the platform at Lincoln and started to Waverly, and that when he got a short distance the other side of Havelock the flues began to leak. He testified that all leaked. Mrs. Lincoln set up the fact that she relied upon the false representations made to her by the plaintiff, and that she was thus induced to become a surety. She prayed in her answer that the notes be declared null and void, and that the title to the premises be quieted in the defendant, Mrs. Lincoln. The district court dismissed the plaintiff's case, and quieted the title to the lot in question in the defendant Rose B. Lincoln. There was also judgment for costs against the plaintiffs.

This case was heard before Judge Cosgrave of the district court for Lancaster county. While there is some conflict in the evidence, there is enough evidence to sustain the finding and judgment rendered. Judge Cosgrave

had the witnesses before him. He saw them. He had an opportunity to judge of their credibility. It is our duty to examine the evidence. We have done so. We are unable to discover prejudicial error of any kind in the proceedings and judgment of the district court. Where the evidence is conflicting, a judgment rendered by the court alone will not be set aside unless it is clearly wrong. *National Bank of Ashland v. Cooper,* 86 Neb. 792. In an appeal of an equity case, where the evidence is conflicting, the supreme court should consider the findings of the district court. *Coad v. Coad,* 87 Neb. 290; *McLaughlin Bros. v. Hilliard,* 97 Neb. 326; *Wynegar v. Dobson,* 98 Neb. 310; *Shafer v. Beatrice State Bank,* 99 Neb. 317.

The judgment of the district court is

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.