HUGH L. GAUNT, APPELLEE, v. GEORGE P. SMITH, APPELLANT.

FILED MAY 3, 1919.   No. 20422.

1. **Appeal in Equity:** TRIAL DE NOVO: CONFLICT OF EVIDENCE. "Upon appeal in actions in equity, this court is required by the statute to try the issues *de novo*, without reference to findings of the trial court; but, when the testimony of witnesses orally examined before the court upon the vital issues in the case is conflicting, so that it would be impossible that both versions of the transaction can be true, this court will consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite." *Shafer v. Beatrice State Bank*, 99 Neb. 317.

2. **Evidence** examined, and *held* to support the judgment of the trial court.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Hoagland & Hoagland*, for appellant.

*Beeler & Crosby*, contra.

DEAN, J.

This is an action for an accounting. Plaintiff and defendant were partners in a meat market from February 3, 1913, to September 4, 1913, when the partnership was dissolved; plaintiff on that date having sold

his interest in the partnership, except the book accounts, to G. S. Arnold for $575. Arnold is not a party to this suit. On June 14, 1915, plaintiff repurchased Arnold's undivided one-half interest. Thereafter a disagreement respecting settlement of the partnership affairs having arisen between plaintiff and defendant, this action was begun, and plaintiff recovered a judgment for $337.23, from which defendant appealed.

A partnership account book is in evidence, over defendant's objection of incompetency, because it "requires explanation." He complains that "no man on earth could figure up any true account between the plaintiff and the defendant from that book." It must be admitted that the book, which consists of about 200 pages of accounts, is not a model of its kind, but, when considered in connection with the evidence of the parties, it serves to shed light on the partnership business. The entries for the most part, if not all, were apparently made by plaintiff while the partnership was in operation, and the book was always accessible to defendant, who had active charge of the sales and of the shop generally. The court did not err in overruling defendant's objection.

A slaughterhouse was bought, and defendant argues that plaintiff used $186.80 of the firm's money for its purchase and construction. He says plaintiff received $36 as rental for its use by a tenant, and finally sold the property for $125. Referring to these items, that total $347.80, defendant says in his brief: "No mention is made on the firm books of the slaughterhouse transaction, yet it is clear that the firm should be credited with $347.80, an amount which was not considered by his Honor, Judge Grimes, in deciding the case." It is obvious that plaintiff should not be required to account for the partnership funds expended for the slaughterhouse property, and also for the proceeds received from the rental and sale of such property. At most $93.40 is defendant's due, and he is so credited here.

Plaintiff borrowed $300 at the McDonald State Bank, for which he gave the firm note. The bank president testified that the money was placed to the credit of the firm, and that after the dissolution plaintiff paid the note. Plaintiff testified that defendant knew of and authorized the loan, but he denied all knowledge of the transaction. It plainly appears that, over defendant's objection, plaintiff was entitled to a credit of $150 on this item.

The decree takes into account plaintiff's repurchase, without defendant's consent, of Arnold's interest in the partnership. At the time of the trial defendant was in possession of the partnership property and was using it in his business. The testimony of the parties respecting its value ranged approximately from $300 to $800. It is fundamental that, when one partner sells his interest in partnership property to another without the consent of the copartner, the purchaser becomes the owner of the share his vendor held in the partnership after the closing up of the partnership and the payment of partnership debts. 20 R. C. L. 983, sec. 217.

A more extended discussion of the record does not seem to be necessary. The evidence supports the judgment of the trial court. *Shafer v. Beatrice State Bank*, 99 Neb. 317. Error has not been shown. The judgment is

AFFIRMED.

LETTON, J., not sitting.