EVA MCENTARFFER, APPELLANT, V. EMMA PAYNE ET AL.,
APPELLEES.

FILED NOVEMBER 17, 1921.  No. 21678.

1. **Witnesses: COMPETENCY: HUSBAND AND WIFE.** Under the present law, the husband has such a direct legal interest in the real estate of the wife as to render him incompetent to testify, in her suit to enforce an oral contract between her and a person now de-

ceased to convey lands,. as to a conversation between the deceased and the husband.

2. ———: ———: REPRESENTATIVE OF A DECEASED PERSON. Any party so placed in a litigation that he is called upon to defend that which he has obtained from a deceased person, and to make the defense which the deceased might have made if living, may be said to represent a deceased person within the contemplation of section 7894, Rev. St. 1913.

3. Specific Performance: PAROL CONTRACT: PROOF. Where it is sought to enforce an oral agreement of a person now deceased to convey or devise lands, the proof to establish the existence of such oral agreement must be clear, satisfactory and convincing.

4. Appeal in Equity: CONFLICTING EVIDENCE. Upon appeal in actions in equity, when the testimony of witnesses orally examined before the court upon the vital issues is conflicting, this court will, while trying the case *de novo*, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite.

APPEAL from the district court for Saline county: EDWARD E. GOOD, JUDGE. *Affirmed.*

*Glenn N. Venrick,* for appellant.

*Charles H. Sloan, Frank W. Sloan, Thomas J. Keenan, J. A. Wild* and *F. B. Donisthorpe, contra.*

Heard before LETTON, DEAN and DAY, JJ., CORCORAN and GOSS, District Judges.

Goss, District Judge.

This action in equity was brought by Eva McEntarffer against the personal representatives, heirs and devisees of Benjamin Thompson for the purpose of enforcing his alleged oral agreement to convey land to her. The case was heard by the court, the relief prayed was denied and the action was dismissed.

About 1896, when she was five years old, plaintiff, an orphan, went to live with Benjamin Thompson and Rebecca, his wife, as arranged with plaintiff's mother on her deathbed. She continued to live with them until she was past her majority. She went by their name, was

treated as if she were a daughter, and she treated them as if they were her parents.   October 6, 1910, when she was about 19 years old, she was married to Harry Mc-Entarffer, with whom she has lived ever since.   She claims that in February, 1911, she and her husband had an advantageous opportunity to go to South Dakota, but that Benjamin Thompson, being the owner of a farm of about 200 acres near Swanton, made plaintiff a counter proposition that, if she and her husband would go on this farm and assist him in caring for it, he would pay them the sum of $25 a month, and, at or before his death, he would give the farm to her; that she and her husband agreed to the proposition, entered upon the performance of the oral agreement, and continued therein up to the death of Benjamin Thompson on November 29, 1917; and that Thompson carried out his part, except that he failed to convey the farm to her or to devise it to her, but, on the contrary, provided by will that all his property should be converted into cash and the proceeds divided among his blood relatives as if he had died intestate.   On his deathbed Benjamin Thompson made and delivered to appellant a deed to 80 acres of land, not a part of the farm in litigation here.

Appellant assigns error by the trial court in excluding the offered testimony of her husband and of herself as to conversations held with the deceased bearing upon the contract.   This depends upon section 7894, Rev. St. 1913, wherein it is said:   "No person having a direct legal interest in the result of a civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness."   Appellant argues that her husband has no direct legal interest.   We think the correct solution of this lies in the answer to the question:   Will the husband gain or lose by direct legal operation of a judgment in this case?   This was under consideration in *Holladay v. Rich,* 93 Neb. 491, and, because the husband has an in-

terest in her real estate, under the present statute, which cannot be defeated by any act of the wife, it was held that the husband could not testify.

Appellant further argues that the defendants were not the representatives of the deceased, and therefore the testimony of McEntarffer on this point was admissible. This is fully answered in the negative by *McCoy v. Conrad,* 64 Neb. 150, in which this court quotes with approval Judge Sedgwick's opinion as trial judge, overruling a motion for a new trial: "If a party is so placed in a litigation that he is called upon to defend that which he has obtained from a deceased person, and to make the defense which the deceased might have made if living, or to establish a claim which the deceased might have been interested to establish if living, then he may be said, in that litigation, to represent a deceased person."

These principles apply to appellant with at least equal, if not greater, force than to her husband. And so we decide that the court did not err in refusing to allow either of them to testify as to conversations with the deceased.

The record is voluminous. Each case of this nature must be determined on its own facts and circumstances. Nearly all the evidence was oral. It is conflicting. It does not satisfy us as to the claims of the appellant by meeting the calls of the law that, to establish an oral agreement with a person now deceased to convey land, the evidence of the terms of the contract must be clear, satisfactory and convincing. *Moore v. Moore,* 58 Neb. 268; *Rau v. Rau,* 79 Neb. 694; *Labs v. Labs,* 92 Neb. 378; *Damkroeger v. James,* 95 Neb. 784; *Overlander v. Ware,* 102 Neb. 216; *Powers v. Norton,* 103 Neb. 761.

Moreover, it is now well settled that we should give such weight to the findings of the trial court as to credibility of witnesses and on conflicting evidence as, under all the circumstances, such findings may be entitled to. *Faulkner v. Simms,* 68 Neb. 299; *Cooley v. Rafter,* 80 Neb. 181; *Langmann v. Guernsey,* 95 Neb. 221; *Occi-*

*dental Building & Loan Ass'n v. Adams,* 96 Neb. 454; *McLaughlin Bros. v. Hilliard,* 97 Neb. 326; *Shafer v. Beatrice State Bank,* 99 Neb. 317; *Greiner v. Lincoln,* 101 Neb. 771; *Dworak v. Dobson,* 102 Neb. 696; *Gaunt v. Smith,* 103 Neb. 506. The trial judge had an opportunity to observe the witnesses and their manner while in the court-room and while testifying. Taking into consideration all the evidence, and giving due weight to the finding of the trial court, we conclude that there was no error in the decree.

The judgment is

AFFIRMED.