ALFRED C. WALTON, APPELLANT, v. ROBERT W. PORTER, APPELLEE.

FILED DECEMBER 1, 1921. No. 21740.

1. **Appeal: REVIEW.** Equity cases on appeal are required, under the law, to be tried here *de novo*, without reference to the findings of the trial court. But when in a case of that character

the testimony is so conflicting on material facts that both versions cannot be accepted as true, we will consider the fact that the trial court had an opportunity to observe the witnesses and their demeanor, and when witnesses, who are apparently of equal credibility, disagree with respect to material facts, the circumstances in the case which tend to verify one version rather than the other will also be carefully considered. *Shafer v. Beatrice State Bank*, 99 Neb. 317.

2. Evidence examined and in part set out and discussed in the opinion, *held* that the trial court did not err in dismissing plaintiff's petition.

APPEAL from the district court for Knox county: WILLIAM V. ALLEN, JUDGE. *Affirmed.*

*Jacob Fawcett, J. F. Green* and *W. A. Meserve,* for appellant.

*D. O. Dwyer, contra.*

Heard before LETTON, DEAN and ALDRICH, JJ., CLEMENTS (E. P.) and DILWORTH, District Judges.

DEAN, J.

This action was brought for an accounting. Whether plaintiff and defendant were engaged in a joint enterprise arising out of an oral contract, for the purchase of a 200-acre tract of farm land for $19,000, in which the parties were obligated to share the burdens incident to the purchase, and privileged to participate in the profits arising from a resale of the land, is the main question in the case. Plaintiff contends that it was a joint enterprise, and defendant contends that he was the sole purchaser, and that plaintiff, a land agent in the vicinity, has no interest whatever in the transaction. The court found against the plaintiff on all points and dismissed the action at his costs. Plaintiff appealed.

It seems that plaintiff and defendant were friends and neighbors. Defendant testified that in a conversation with plaintiff he told him that, under the terms of purchase of the farm on which he was living as a tenant under a three-year lease, it would be necessary for him

to raise $2,000 in cash to make the first payment. He said that plaintiff thereupon volunteered to go with him to a local bank and join him in a note for that amount. The note was duly executed and a cashier's check for $2,000 payable to the order of defendant was obtained and delivered to defendant and was used by him in making the initial payment. Plaintiff's version of the transaction is that when the $2,000 was obtained he told the bank cashier that he wanted to borrow $2,000; that he and defendant had bought the 200-acre tract in question; that the cashier wrote the note, and that he signed it first and that defendant signed it, and that when the note was signed he told the cashier to give defendant a draft for $2,000 to pay on the land, and that the cashier did so. On this point the cashier testified that the parties came to the bank together, and that plaintiff seemed to be the spokesman, and that one of the parties, he was not sure which, said that they wanted a cashier's check payable to the order of defendant. The cashier further testified that the $2,000 note was paid in about two months thereafter by defendant's check in the sum of $2,018.05, which included the interest.

W. H. Crandall, a bank president at Winnetoon, was the agent of Mrs. Book from whom the land was purchased, and it was at his place of business that the contract of purchase by defendant from Mrs. Book and the contract of sale to Smolek, who purchased the land from defendant, were both made. With respect to both transactions Crandall testified that he never saw or heard of plaintiff while either transaction was pending, and that he did not discover that plaintiff was claiming any interest in the land or in the proceeds arising from the sale until several months after the transactions were closed. In answer to interrogatories by the court, Mr. Crandall testified that plaintiff was not present when defendant made arrangements with him for the purchase of the land, nor was he present when the sale was made to Smolek.

Walton v. Porter.

Vincent Frank, as agent for defendant, sold the land to Mr. Smolek. He testified that defendant paid him his commission of $800 on the day of the sale, and that afterwards he had a talk with plaintiff and that plaintiff said he ought to have half of the commission, or that he ought to get something out of the sale. To this Frank replied that he got another man to help him to sell the place. Defendant's evidence is to the same effect. He testified that after the sale was made plaintiff asked him if Frank had sold the place, and that he asked him if he would not go with him to see Frank to find out if he could get half of the commission for him. He said that was the only complaint he made and the only talk that the defendant had with him in regard to the sale. He further testified that he refused to go to Mr. Frank because he had agreed to give Frank $800 if he sold the land, and that he paid him what he agreed to pay him, and that he would not ask him to divide it with any other person. It sufficiently appears that defendant executed a $10,000 note and mortgage that were given in part payment for the land, and that he paid $9,000 in cash, and that plaintiff was not a party to any of the transactions. Defendant testified that plaintiff told him on one or more occasions that he based his claim to a share in the profits on the ground that he had taken a number of buyers out to look at the place.

Plaintiff contends that certain materials used in making repairs on the premises, in preparing it for sale, were charged to plaintiff and defendant by the dealer from whom they were bought. Defendant denied all of plaintiff's evidence on this point. A bill for goods charged to defendant, which included paints and oils, apparently for the material so purchased, and his check in payment therefor appear in the record. Counsel for plaintiff frankly concede that the material evidence of their client was contradicted by defendant. The record bears out this statement. While we have not discussed all of the conflicting evidence that is before us, we have tried the

case *de novo* and conclude that the weight of the evidence is on the side of defendant. He testified that plaintiff, in his capacity of real estate agent, solicited his patronage as selling agent for the property, and, as noted herein, he promised to give him $1,000 if he sold the farm.

We are required under the law to try equity cases on appeal *de novo,* without reference to the findings of the trial court. *Greusel v. Payne, ante,* p. 84. But when in a case of that character the testimony is so conflicting on material facts that both versions cannot be accepted as true, we will consider the fact that the trial court had an opportunity to observe the witnesses and their demeanor, an opportunity that is denied a court of review. It may be added that when witnesses, who are apparently of equal credibility, disagree with respect to facts that are material, the circumstances in the case which tend to verify one version rather than the other will also be carefully considered. *Shafer v. Beatrice State Bank,* 99 Neb. 317.

The judgment of the district court is in all things

AFFIRMED.