LUCILLE E. McDONALD, APPELLEE, v. CHARLES W. McDON-
ALD, APPELLANT.

FILED JULY 1, 1927. No. 25646.

1. **Appeal:** TRIAL DE NOVO. "While the law requires this court, in determining an appeal in an equity action involving questions of fact, to reach an independent conclusion without reference to the findings of the district court, this court will, in determining the weight of the evidence, where there is an irreconcilable conflict therein on a material issue, consider the fact that the trial court observed the witnesses and their manner of testifying." *Johnson v. Erickson,* 110 Neb. 511.

2. **Evidence** examined, and *held* to sustain the findings and judgment of the district court.

APPEAL from the district court for Hitchcock county: CHARLES E. ELDRED, JUDGE. *Affirmed.*

McDonald v. McDonald.

*Richard F. Stout, Butler & James* and *J. F. Ratcliff*, for appellant.

*James E. Addie, contra.*

Heard before ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ., and HASTINGS, District Judge.

DAY, J.

Plaintiff commenced this action for divorce on the ground of extreme cruelty, praying, also, for the custody of two minor children, the issue of the marriage, for alimony and for an allowance for the support of the minor children. The defendant by cross-petition sought a divorce from plaintiff on the grounds of extreme cruelty and adultery. He also prayed for the custody of the minor children.

The trial resulted in a decree awarding the plaintiff a divorce and the custody of the children, permanent alimony in the sum of $3,500 and the allowance of $20 a month for the support of each child until he should arrive at the age of 18 years. Defendant was given permission to visit the children on all suitable occasions. An allowance was also awarded plaintiff for suit money and attorney's fees. From this judgment defendant has appealed.

In the opinion prepared by our commission and approved by this court, we reversed the judgment of the trial court, with directions to render a decree of divorce in favor of defendant upon his cross-petition, giving him custody of the two minor children, with the right given to the plaintiff to visit the children at reasonable times. We also required the defendant to pay the costs of the appeal, including the sum of $100 for plaintiff's attorney. A motion for rehearing was filed by plaintiff, upon which we allowed a reargument before the court, which, in fact, amounted to a resubmission of the case.

The parties were married January 31, 1915. Two children were the issue of the marriage, Kenneth and Joy, respectively 8 and 4½ years of age at the time of the trial. Each of the parties had been previously married. The

plaintiff had one son by her former marriage, 17 years of age, and the defendant had two sons, both of whom were of age. Although each of the parties was asking for a divorce, there was a bitter contest as to which one should receive the decree. It is quite apparent that the custody of the children was an important factor which tended to embitter the parties in their testimony against each other.

It will serve no useful purpose to discuss the evidence in detail. Suffice it to say that the testimony on the part of the plaintiff was amply sufficient to sustain the plaintiff's charges of extreme cruelty. The admission of the defendant as to certain acts tended strongly to corroborate plaintiff's testimony. On the question of misconduct on the part of the plaintiff, as charged in the defendant's cross-petition, there was direct conflict in the evidence.

A number of witnesses testified on behalf of defendant, as to facts from which an inference of improper conduct on the part of plaintiff might be drawn, which was directly denied by plaintiff. Some of this testimony was in the form of depositions and some by witnesses in open court. It is often difficult, especially in this class of cases, to determine where the truth lies. The immediate neighbors of the plaintiff gave her a good name, and testified that she was an industrious woman, devoted to her children, and a proper person to be intrusted with their care and training. In *Johnson v. Erickson*, 110 Neb. 511, it was held: "While the law requires this court, in determining an appeal in an equity action involving questions of fact, to reach an independent conclusion without reference to the findings of the district court, this court will, in determining the weight of the evidence, where there is an irreconcilable conflict therein on. a material issue,. consider the fact that the trial court observed the witnesses and their manner of testifying." The same general rule was announced in *Greusel v. Payne*, 107 Neb. 84, and *Shafer v. Beatrice State Bank*, 99 Neb. 317.

Upon a review of the entire record, and giving proper consideration to the finding of the trial court, who observed

the witnesses, we are of the opinion that the testimony fails to establish the charge of infidelity as alleged in the cross-petition.

Upon a consideration of the testimony, we have come to the conclusion that our former judgment should be set aside, the opinion of the commission be withdrawn and the judgment ·of the district court in all respects affirmed; defendant to pay the costs of this appeal, including the sum of $100 to plaintiff's attorney. The judgment of the district court is

AFFIRMED.