ROSE RESNICK ET AL., APPELLEES, V. PAUL KAZAKES, APPELLANT.

FILED FEBRUARY 10, 1932.   No. 28094.

*Clement L. Waldron* and *David O. Mathews,* for appellant.

*Lower & Sheehan* and *H. L. Mossman, contra.*

Heard before ROSE, DEAN, GOOD and DAY, JJ., and THOMSEN, District Judge.

PER CURIAM.

This action was begun by Rose Resnick and Hyman A. Resnick, husband and wife, in the district court for Douglas county to enjoin Paul Kazakes, the defendant, from permitting water to run from the roof of his two-story building upon a one-story building owned by them immediately adjacent to the Kazakes property. The plaintiffs prayed for an order requiring the defendant to remove a certain portion of his building which they allege encroaches upon their property. The defendant filed a cross-petition wherein he alleged that the walls and foundation of his building were damaged and weakened by the excavation by plaintiffs for their building. Upon submission, the court found for the plaintiffs and against the defendant and decreed that the defendant be permanently enjoined from maintaining an eave spout or cornice on his building and that he remove all of the projections except the brick wall. The court also found and decreed that the plaintiffs recover $700 as damages from the defendant. The defendant has appealed.

As herein pointed out, the property of the defendant joins that of the plaintiffs. The defendant's building was completed some time before the excavation was begun by the plaintiffs preparatory to the erection of their building.

A surveyor for the city of Omaha testified that the Kazakes building leaned toward the south from two and a half inches at the west end to about six inches at the east end and over the line, including the cornice on the top of the wall. The survey of another engineer is to the effect that the Kazakes building extends two inches over and upon the Resnick property in front, at the base line,

and that near the top the building projects over four and a half inches. He also testified that a gutter projects ten and a half inches. And the building inspector for the city testified that a shelf of concrete extended from the Kazakes building over and upon the Resnick property. He informed the plaintiffs that, under the building code of the city, it would be necessary for them to notify the defendant of their intention to excavate.

The contractor who constructed the Resnick building testified that, when the excavation therefor was completed with the exception of three to five feet near the Kazakes building, he informed Kazakes that he, the defendant, would have to support his building. He testified that the Kazakes foundation did not appear to be "firm work." The record discloses that the excavation for the Resnick building was delayed several weeks in order that the underpinning of the Kazakes building might be completed. From the evidence of this witness it also fairly appears that the Kazakes building settled from the fact that it was on filled ground, and not because of the excavation of the Resnick property.

There is evidence tending to prove that, in the event the Resnick building is extended to a second story in the future, the Kazakes building projects too far to permit the addition of such second story without considerable added expense. Evidence was also introduced tending to prove that water from the tile roof of the Kazakes building seeped through the walls of the Resnick building thereby damaging it to some extent.

On behalf of the defendant, the testimony of his brother discloses that the construction of the Kazakes building was supervised by the city and that the building was plumb at the time of its erection, although the tile roof thereon extended beyond the south edge of the building about two inches. Evidence was introduced tending to prove that the steam shovel used in the excavation for the Resnick building had struck the Kazakes building, thereby weakening the walls to some extent. Witnesses for the plaintiffs on rebuttal, however, denied that the steam shovel at any time struck the wall.

The evidence in respect of some of the material facts is contradictory, but we do not think the court erred in relying on the testimony of plaintiffs' expert witnesses. Upon appeal in actions in equity the issues are to be tried *de novo,* but it is elementary that where the facts are in irreconcilable conflict, as in the present case, this court will take notice of the fact that the trial court heard the witnesses and observed their demeanor while testifying, and had a better opportunity to judge of the weight of the evidence than has a reviewing court on appeal. *Gaunt v. Smith,* 103 Neb. 506; *Greusel v. Payne,* 107 Neb. 84.

It clearly devolved upon the defendant to provide the proper support for his building where timely notice of the plaintiffs' intention to excavate for a building on the adjoining lot was given. And the plaintiffs are not liable in damages to the defendant for the alleged weakening of the walls of the defendant's building where it is shown that the plaintiffs used due care in their excavation. *Wahl v. Kelly,* 194 Wis. 559; *Christensen v. Badger Improvement Co.,* 187 Wis. 598. And where the evidence fairly shows that the defendant's building encroaches upon the land of plaintiffs through no fault of theirs, they are entitled to have such parts of the defendant's building as encroach upon their land removed. The evidence also discloses that the defendant wrongfully cast water from his building upon that of the plaintiffs' and that in consequence thereof plaintiffs have suffered damages in an amount equal to that found by the trial court herein. The judgment is

AFFIRMED.