JOHN J. ZYCH ET AL., APPELLANTS, V. STANLEY G. ZYCH ET AL., APPELLEES, IMPLEADED WITH MARY KAPUSTKA, APPELLANT.

163 N. W. 2d 882

Filed January 10, 1969. No. 37036.

Ralph R. Bremers and Samuel A. Boyer, Jr., for appellants.

A. J. Whalen and Samuel J. Hunter, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and WILLIAM C. SMITH, JR., District Judge.

SPENCER, J.

This is an action to vacate and set aside two deeds.

The action was commenced by three children of Mary Zych Bojanski who died intestate in Douglas County, Nebraska, on October 24, 1964. Mary Bojanski had nine children, five of whom were defendants in this action. One daughter is not a party to the action and did not appear. One of the parties made a defendant appeared and testified for the plaintiffs, and is included as an appellant herein. The trial court dismissed the action at the close of plaintiffs' case, and appellants perfected an appeal to this court.

On May 1, 1940, the mother conveyed two parcels of real estate located in Omaha to Julia Borovac, one of the defendants. Subsequently, and on March 26, 1962, Julia Borovac reconveyed the same property to her mother and to Elizabeth R. Baade, another daughter, and to Frank J. Baade, the daughter's husband, as joint tenants. After the mother's death, and on April 9, 1965, Elizabeth R. Baade and her husband mortgaged the property to Commercial Savings and Loan Association, which is not a party to this action.

It is appellants' contention that the conveyance to Julia Borovac was in trust for the benefit of all of the children and was made because the mother was contemplating remarriage. It is appellants' further contention that the conveyance from Julia Borovac on March 26, 1962, was intended to continue that trust and was made at the insistence of the mother because Julia Borovac was then having marital trouble.

Plaintiffs' petition suggests fraud, undue influence, and a breach of trust. With reference to the 1940 deed, whatever may have been the arrangement between Julia Borovac and her mother, that arrangement as to Julia was terminated in 1962. At that time Julia Borovac reconveyed the property to her mother and to the Baades, who were living with the mother, as joint tenants. Most of the children knew of the existence of this joint tenancy deed at the time or shortly after its execution.

Plaintiffs argue that Julia Borovac and Elizabeth R. and Frank J. Baade exercised undue influence over the mother, Mary Zych Bojanski, for many years prior to her demise. They have wholly failed in their proof on this issue. Mere suspicion, surmise, or conjecture does not warrant a finding of undue influence, but there must be a solid foundation of established facts on which to rest the inference of its existence. This is particularly true where, as in this instance, the parties were well aware of the existence of the contested deed shortly after its execution.

In an action to set aside a deed on the ground of undue influence, the burden is on the plaintiff to establish that the grantor was subject to such influence; that the opportunity to exercise it existed; that there was a disposition to exercise it; and that the result appears to be the effect of such influence. Sampson v. Sissel, 151 Neb. 521, 38 N. W. 2d 341. Unfortunately for plaintiffs, their own evidence indicates that the mother was capable of handling her own affairs and according to their allegations, forced Julia Borovac, who they accuse of undue influence, to transfer the property in question because she was then having marital trouble. If there was undue influence, it must be proved to have been operative at the time of the execution of this joint tenancy deed. There is not one scintilla of proof to this effect.

It was plaintiffs' responsibility to prove by clear and convincing evidence that the 1962 deed which created the joint tenancy was intended as a deed in trust. In McCormick v. McCormick, 150 Neb. 192, 33 N. W. 2d 543, the court, speaking of trusts of this character, said: "So reluctant are the courts to engraft a trust by parol on the legal title to real estate that there is perhaps no better established doctrine than the one which requires a high degree of proof in order to establish the trust by parol evidence."

A disinterested witness testified that the mother had told her on many occasions over the years "that her

property would go nine ways." This is evidence of an intent on the part of the mother to treat her children equally in the distribution of her estate, but it does not raise a sufficient inference to create an implied or constructive trust under the 1962 deed. There is no other evidence, in the record which could possibly sustain the plaintiffs' burden and impress that intent on the joint tenancy deed.

It is true that some of the plaintiffs testified to conversations with the Baades subsequent to the mother's death in which the Baades indicated that they intended to divide the property nine ways. This testimony, however, was never connected with the execution of the 1962 deed. Bernice Bojanski testified to a conversation with Elizabeth R. Baade in which Elizabeth stated she intended to divide the property. Mary Kapustka testified that Frank J. Baade told her the property would be split right down the middle. She also testified that Julia Borovac told her the property would be divided but that John and Ted Zych would not participate, and "Elizabeth would get the most."

Plaintiffs complain that they were not permitted to testify to any conversations between their mother and themselves concerning the deeds in question. The trial court excluded these conversations as inadmissible under the provisions of section 25-1202, R. R. S. 1943. It is plaintiffs' position that the defendants were not the representatives of the deceased and therefore the testimony was admissible.

The word "representative" as used in the statute from its very first interpretation has been defined to include any person who has succeeded to the rights of the decedent, either by purchase, descent, or by operation of law. Wamsley v. Crook, 3 Neb. 344; Kroh v. Heins, 48 Neb. 691, 67 N. W. 771. The exclusion of the conversations was proper. Our law is well established that any party so placed in litigation that he is called upon to defend that which he has obtained from a deceased per-

son, and to make the defense which the deceased might have made if living, may be said to represent a deceased person within the contemplation of section 25-1202, R. R. S. 1943. See McEntarffer v. Payne, 107 Neb. 169, 185 N. W. 329.

For the reasons given the judgment herein should be and hereby is affirmed.

AFFIRMED.