Gillette v. Morrison.

JULIETTE B. GILLETTE, PLAINTIFF IN ERROR, v. F. C. MORRISON, ADMINISTRATOR OF THE ESTATE OF A. HEFFLEY, DECEASED, AND OTHERS, DEFENDANTS IN ERROR.

Courts: DISCRETION OF THE COURT. Upon the plaintiff resting her case, defendants' counsel moved for a non-suit "on the ground that there is no evidence whatever offered by the plaintiff to sustain her cause of action, and on the further ground that, as shown by the evidence offered by the plaintiff, there is already on the records of the court a finding, decree, and judgment against the defendants in this cause." Whereupon counsel for the plaintiff asked leave of the court to withdraw his rest, and for leave to introduce the journal entry showing the

setting aside of the other journal entry constituting a judgment against defendant. The court refused the request and sustained the motion for non-suit. *Held*, That the district court should have granted the request of the counsel for the plaintiff, and that his refusal to do so was an abuse of discretion, for which the judgment must be reversed and a new trial granted.

ERROR to the district court for Otoe county, where the cause was tried before GASLIN, J., of the fifth district, sitting in that county. The facts appear in the opinion.

*A. C. Ricketts*, for plaintiff in error.

1. It is the duty of the trial court to use all proper means to fully determine the issues involved in an action, and thereby conclude litigation. To this end it is not only proper, but the duty of the court to allow the plaintiff to withdraw a rest and put in further material evidence which may have been overlooked or omitted by mistake; and the fact that defendant has made a motion for non-suit does not affect the plaintiff's right. *Newbraugh v. Curry*, Wright O., 511. *Wadsworth v. Thompson*, 18 Ga., 709. *McColgan v. McKay*, 25 Ga., 631. *Larman v. Huey*, 13 B. Mon., 436. *Smith v. Merrill*, 9 Gray, 144. *Lewis v. Ryder*, 13 Abb., N. Y. Pr., 1. *Allen v. Watson*, 2. Hill, S. C., 319. *Hanson v. Michelson*, 19 Wis., 498.

2. A motion for a non-suit, on the ground that no right to recover has been shown, as in the case at bar, is too general. It should specifically point out the defects in the evidence so as to show the real point which defendant intends to raise. *Trustees v. Cagger*, 6 Barb., 576. *Castle v. Duryea*, 32 Barb., 480. *Kiler v. Kimball*, 10 Cal., 267. *People v. Banvard*, 27 Cal., 470. *Booth v. Bunce*, 31 N. Y., 246. *Binsse v. Wood*, 37 N. Y., 526. *Sands v. Shoemaker*, 4 Abbot New York Appeals Decisions, 149.

*T. B. Stevenson* and *M. L. Hayward,* for defendant in error.

Cobb, J.

This case has been before this court once before, 7 Neb., 263.

From the record it appears that I. P. Mumford, on the twenty-fifth day of January, 1870, made his promissory note, payable ten days after date to A. Heffley or order, for the sum of $844.77, with 12 per cent interest, which note was secured by a mortgage on certain real estate in Otoe county, executed by the said Mumford and wife; that on the twenty-fifth day of October, 1870, the said A. Heffley, for value, endorsed and delivered the said note, and assigned by an instrument in writing the said mortgage to the plaintiff; that an action of foreclosure was afterwards commenced in the district court of Otoe county, by this plaintiff, against John W. Mumford and others, heirs at law of said I. P. Mumford (he having deceased), Elizabeth Mumford, his widow, Logan Enyart, his administrator, A. Heffley, Diantha Latham, and Aultman, Miller & Co., upon the said note and mortgage; that a judgment of foreclosure was rendered in said case on the eighth day of September, 1874; that upon the sale of the mortgaged premises by the sheriff of Otoe county, and the application of all the proceeds thereof, properly so applicable to the payment of the plaintiff's claim, there still remained a deficiency of $947.17; that said sale was confirmed and judgment for deficiency in the above amount rendered against A. Heffley on the twelfth day of March, 1875, and that there was afterwards paid on the said judgment by the Mumford estate the sum of $347.66.

It is assumed that the above stated judgment, so far

as A. Heffley was concerned, was afterwards set aside by the district court on application of the said A. Heffley, for the want of sufficient allegations in the original petition to charge him as endorser upon the said note. The record also shows that on the sixteenth day of June, 1876, the plaintiff made her motion in the said district court to revive the said action against the legal representatives of A. Heffley, he having deceased; that said legal representatives appeared and answered; that the court overruled and denied said motion, which action of the district court was, upon error to this court, reversed, and the cause remanded, the same having been revived in the supreme court against F. C. Morrison, administrator of the estate of A. Heffley, deceased; that on the twenty-sixth of April, 1878, the plaintiff, by leave of the district court, filed her amended petition, and that the defendant made answer, presenting two issues.

1. The defendant denies the presentation and demand of payment upon the maker of the note and due notice to decedent as endorser. 2. He alleges fraud and collusion between the attorney for the plaintiff and the attorney of one Diantha Latham in a previous action, by reason of which other securities were lost, which should have been applied by the plaintiff to keep down the deficiency for which this suit is prosecuted. It should perhaps be stated that the defendant also set up the statute of limitations in his answer, but if ever seriously relied upon as a defense, it seems to have been abandoned on the trial.

Upon the trial the plaintiff, under objection, proved by Lee P. Gillette, her husband, the presentation of the note for payment to Mumford four or five days after the indorsement of the same to her, its non-payment and notice thereof to Heffley on the same day.

She also called G. W. Covell, who had been the at-

torney of Diantha Latham, to disprove the charge of collusion, etc., set up in defendant's answer. After the attorney had got through with the examination in chief of this witness the court directed the witness as follows: "You may now tell all about this matter, so that we shall not have to take any further time about it," whereupon witness stated: "Mr. Heffley stated to me that no demand or notice or protest was made on the note after it became due on him," etc.

For some purpose, not apparent to the writer, the attorney for the plaintiff introduced the record of the judgment for deficiency, rendered March 12, 1875. The attorneys for defendant objected to the admission in evidence of the proffered record on the ground that it was incompetent, irrelevant, and being no decree, and for the further reason that the said entry had been set aside, whereupon counsel for plaintiff said: "We admit that; I only offer it to show what the court did. We admit that it was set aside, as against A. Heffley, by reason of insufficient allegations in the petition." Objection overruled and defendant excepted. Plaintiff's counsel having rested the case on the part of the plaintiff, the following proceedings were had as per bill of exceptions, which I quote literally: "The court called upon defendant's counsel to proceed with his case. Counsel for defendant: 'We move for a non-suit in this case on the ground that there is no evidence whatever offered by the plaintiff to sustain her cause of action, and on the further ground that, as shown by the evidence offered by the plaintiff, there is already on the records of the court a finding decree and judgment against the defendant in this cause.' The court asked for the record, and defendant passed to his honor Journal J of the records of the court, page 437. Counsel for the plaintiff: 'I ask leave of the court to withdraw my rest, and for leave to intro-

duce the Journal entry, showing the setting aside of the other journal entries constituting a judgment against Heffley.' The court refused the request made, to which ruling of the court the plaintiff excepted. Counsel for plaintiff. 'I demand that they put formally into writing their motion. for a non-suit before it is argued.' Counsel for defendant. 'We have a reporter here to record our motions.' The Court. ' The defendant moves for a non-suit. I sustain the motion and direct the jury to find for the defendant.' After signing verdict of jury by the foreman, its return and filing of the same by the clerk, the plaintiff's counsel excepted to a non-suit, also to the verdict of the jury."

The plaintiff's motion for a new trial was overruled and final judgment for defendant, and the case comes here again on petition in error.

It is very clear that upon the pleadings and proof the plaintiff was entitled to a verdict and judgment. The whole case was predicated on the former action of the court setting aside the judgment for deficiency against A. Heffley.   Counsel for defendant had asserted in open court, pending the trial, as a reason for excluding the record of the judgment, when offered in evidence by the counsel for plaintiff, that the same had been set aside.   That it had been must have been a matter of record in the identical case before the court. But suppose it had not been set aside.   A former recovery, in order to defeat a subsequent action, must be pleaded in bar.   Therefore, whether we understand the court as granting a peremptory non-suit, or directing the jury to find a verdict for the defendant, or both, it was an error.

But had it been true that, in order to make out the plaintiff's case, it was necessary for her to introduce the journal entry showing the setting aside of the judgment, and her counsel had prematurely rested the case

without introducing it, the court should have allowed him to withdraw his rest for the purpose of introducing it; and a refusal to do so upon the reasonable and timely application of plaintiff's counsel was an abuse of discretion on the part of the district court, which it is the duty of this court to correct.

In *Mercer v. Sayre* (impleaded with Toler), 7 Johns., 307, after the evidence was closed, and after the defendant's counsel had summed up to the jury, and while the plaintiff's counsel was addressing the jury, the counsel for defendant informed the judge that he had just discovered certain evidence favorable to the defendant which he asked permission to give to the jury; but the judge thought he could not admit the evidence unless the plaintiff's counsel would consent, which being refused, the evidence was rejected and verdict and judgment for the plaintiff. The supreme court, presided over by then chief justice, James Kent, in reversing the judgment below, say: "The judge, under the circumstances of the case, had a discretion to admit the evidence; and it ought in sound discretion to have been received. We think, therefore, that the defendants are entitled to a new trial." There is an abundance of authorities to this effect.

Counsel for the defendant make the point that plaintiff offered no testimony as to demand of payment of the note of Mumford and notice on Heffley, except Lee P. Gillette, the husband of plaintiff. That under the laws of 1873, Gen. Stat., 582, section 329, this witness, being the plaintiff's husband, and having a direct legal interest in the result of the suit, was incompetent. That hence the plaintiff offered no testimony on that point. The section referred to reads as follows: * * *

"Nor shall any person, having a direct legal interest in the result of any civil cause or proceeding, be a competent witness therein when the adverse party is an

executor, administrator, or legal representative of a deceased person." The note sued on has been treated throughout the controversy as the separate property of the plaintiff. It has not been shown to have been in the possession of Lee P. Gillette, except for the purpose of presentation for payment, which he swears he did by authority of the plaintiff. If it is her separate property, then her husband has no direct legal interest in the result of the suit.

Defendant's counsel also make the point that plaintiff should bring her case within the provisions of section 848, on page 656 of the General Statutes. That section provides that: "After such petition (for foreclosure of mortgage) shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage or any part thereof, unless authorized by the court." The object of this section is to prohibit a plaintiff, after having commenced an action to foreclose a mortgage, from bringing a separate and independent suit on the note or bond secured by the mortgage. This is not a separate or independent suit, nor is it a proceeding at law. It is a revivor of the original action in chancery for the foreclosure of a mortgage and judgment for deficiency. At the same time it is incorrect to say that said proceeding was unauthorized by the court, as the suit was revived by order of this court. See 7 Neb. Repts., 263.

Defendant's counsel also make a point upon the testimony of G. W. Covell, wherein, in response to the rather sweeping question of the court, he testifies as to statements made to him by A. Heffley in his life-time to the effect that no notice had been given him of a demand on Mumford and refusal to pay the note. To this it may be answered that said evidence was not called out by the plaintiff's counsel, but was excepted

to by him, and that, as it would not have been respon-
sive to any question which could have properly been
put to witness on cross-examination, it should not have
been permitted to go to the jury.   It need scarcely be
added that it would be incompetent for the defendant
to prove the declarations of the decedent made in his
life-time, unless made in the presence of the plaintiff,
as a defense to the action.

The judgment of the district court is reversed and
the cause remanded for further proceedings in accord-
ance with law.

REVERSED AND REMANDED.