M. E. BEALL, APPELLEE, V. C. F. MARTIN ET AL., APPELLANTS.

FILED MAY 19, 1896.     No. 6522.

1. **Reformation of Deed.** A court of equity may reform a deed so as to comply with the intention of the parties.

2. ———: EVIDENCE. *Held*, That the decree in this case is sustained by sufficient evidence.

APPEAL from the district court of Harlan county. Heard below before BEALL, J.

*John Everson*, for appellants.

*C. C. Flansburg; contra.*

NORVAL, J.

This is an appeal from a decree reforming a deed. September 27, 1892, the plaintiff, M. E. Beall, being the owner of the northeast quarter of section 12, town 1, range 19 west, conveyed the same by warranty deed to C. F. Martin, one of the defendants herein, the wife of the

plaintiff joining in said conveyance. At the time of the transfer, one J. C. Black was in possession of, and cultivating, the land and the crops thereon, as Beall's tenant, his lease not expiring until March 1, 1893. Plaintiff contends that the agreement and understanding between the vendor and vendee was that the sale was made subject to the lease of said Black, and that plaintiff should retain the landlord's share of the crops, and that through the omission of the person who prepared the deed and took the acknowledgment of the grantors thereto, it failed to contain any reservation in regard to the lease or the growing crops. Upon plaintiff's discovering the mistake in the deed, and learning that Martin claimed the right to gather the crops, this action was instituted to reform the deed to conform to the true and actual contract of the parties, and a temporary injunction was also granted restraining defendants from gathering the rent corn, which injunction was subsequently dissolved by the court.

Complaint is made of the allowing of the injunction. If it was wrongfully issued, that question cannot be now litigated, since the injunctional order was subsequently vacated by the court, which cured the error, if any, in the original granting of the writ. If defendants were damaged by reason of the issuance of the temporary order of injunction, their remedy is upon the bond given by the plaintiff, in order to obtain the writ.

That a court of equity has the power to decree the reformation of a deed so as to make it express the true intention of the party is clear. (*Cox v. Ellsworth*, 18 Neb., 664; *Palmer v. Windrom*, 12 Neb., 494; *Hilton v. Crooker*, 30 Neb., 707.) The evidence introduced by plaintiff tends to establish that Beall reserved the corn; that the real agreement was not expressed in the deed; but that through mistake the scrivener who prepared the instrument for execution did not insert in said deed a reservation in favor of the plaintiff of his share of the crops and the possession of the premises until the expiration of

Corey v. Plummer.

Black's lease, in accordance with the terms of the con-
tract of the vendor and vendee. The testimony intro-
duced by the defendants squarely contradicts that given
on behalf of the plaintiff. We are fully persuaded the
evidence adduced was sufficient to support the decree,
and it is accordingly

AFFIRMED.