IDA M. HISKETT, APPELLEE, V. JANE BOZARTH ET AL., APPELLANTS; IDA M. HISKETT ET AL., DEFENDANTS IN ERROR.

FILED NOVEMBER 22, 1905.   No. 13,961.

1. Decedent: WITNESS: COMPETENCY. In this case (an action by a married woman against the representatives of a deceased person to enforce specific performance of a contract with the deceased), the husband of the plaintiff was a competent witness in her behalf.

2. Contract: DESCRIPTION OF LAND: PAROL EVIDENCE. A contract affecting the title to real estate is not void for uncertainty, if the land intended to be described can be identified from the description in the contract with the aid of parol evidence. *Ruzicka v. Hotovy*, 72 Neb. 589.

APPEAL from and error to the district court for Pawnee county: ALBERT H. BABCOCK, JUDGE.   *Affirmed.*

*J. C. Dort,* for appellants.

*L. W. Colby,* for appellee.

*J. C. Dort* and *Story & Story,* for plaintiff in error.

*L. W. Colby* and *G. T. Belding, contra.*

JACKSON, C.

Ida M. Hiskett, plaintiff, obtained a decree in the trial court against E. H. Lloyd, executor of the last will and testament of Andrew McPheeters, deceased, and other defendants, as heirs and devisees of the deceased, for the specific performance of a contract covering real estate. The executor prosecutes error and the other defendants have appealed. Certain of the defendants are minors, who appeared by guardian *ad litem.* The case was tried

upon an amended petition, answers on behalf of the defendants, and the reply thereto.

The allegations of the petition pertinent to the inquiry are: That on or about the 19th day of August, 1896, Andrew McPheeters, grandfather of the plaintiff, was the owner in fee simple of the north half of the northwest quarter of section 18, township 3 north, range 10 east, in Pawnee county, Nebraska; that the tract contained about 86 acres according to government survey; that said Andrew McPheeters, then being in advanced old age and requiring special care and attention incident to his condition, and desirous to sell and dispose of said premises for the purpose of having such care and attention during his remaining days, and the plaintiff being desirous of purchasing said premises and giving the said care and attention, the said Andrew McPheeters, for a good and valid consideration, made and entered into a written agreement on said date with the plaintiff, which said writing was duly signed and delivered by the said Andrew McPheeters to the said plaintiff; that the plaintiff signed and accepted the terms of the agreement, the contract being as follows:

"Aug. 19, 1896. ·

"I Andrew McPheeters do agree to give Ida M. McPheeters this (86) eighty-six acre farm free of incumbrance, provided that she take care of me all my remaining days.　　ANDREW McPHEETERS.

"Witness: S. D. Hiskett.

"The farm is the north half of northwest quarter, section 18, town 3, range 10, in Pawnee county, Nebraska. I agree to the above contract.　　IDA M. HISKETT."

That upon the execution of said contract by Andrew McPheeters the plaintiff entered upon the performance of the same, and thereafter fully consummated and performed the terms and provisions thereof to be performed by her; that she took care of said McPheeters during all of his remaining days as desired and required by him, and to his full and entire satisfaction; that the services

were received and accepted by McPheeters under the terms of the agreement until his death; that McPheeters died on the 19th day of January, 1902, and at the time of his death she had not received a conveyance of the said described premises; that said McPheeters left a last will and testament; that the defendant E. H. Lloyd was the executor of the estate of McPheeters; that the plaintiff had demanded a conveyance according to the terms of the contract, and that the executor had refused to convey the same. The answer of the adult defendants, including the executor, in substance denied the execution of a written agreement, and alleged that the agreement was not sufficient in law to constitute a contract; admitted that McPheeters was the owner of the real estate, and pleaded as an estoppel that on the 23d day of July, 1900, said McPheeters executed a last will and testament of all of his property, both real and personal, wherein the plaintiff was named as one of the heirs and devisees, and at the same time he executed a promissory note for the sum of $150 in favor of the plaintiff; that the plaintiff had received the amount of the note; that the will had been admitted to probate; that the plaintiff's husband, S. D. Hiskett, with the knowledge and consent of the plaintiff, filed a claim in the county court against the estate of deceased for board, supplies furnished, and the keeping of McPheeters for the period of about five years. The minor defendants answered by their guardian *ad litem*, admitting the death of the deceased; that he was the owner of the real estate in question on August 19, 1896; that McPheeters left a last will and testament which had been admitted to probate; that Lloyd was appointed executor; and denying other allegations of the petition. The reply was a general denial.

The appeal presents the question of the sufficiency of the pleadings and proof to sustain the decree, one of the principal contentions being that the contract is not sufficiently definite and certain to permit of its being enforced, because parol evidence was necessary to identify the particular tract of land intended to be affected by its terms,

and is therefore insufficient under the statute of frauds. This contention is not well founded. The contract as pleaded definitely describes the land, and no parol evidence was necessary to identify it, and, even though it were informal in that respect, the correct rule is that, if the land intended can be identified from the description with the aid of parol evidence, the contract is not void for uncertainty. *Ruzicka v. Hotovy*, 72 Neb. 589. The execution of the contract by the deceased was proved to the entire satisfaction of the trial court, and the findings of the court in that respect meet with our approval. In fact, the execution of the contract is not controverted except by pleadings and argument. It appears from the evidence that when the agreement was signed by the deceased it did not contain the memorandum describing the real estate below his signature and over the signature of the plaintiff. The evidence, however, on the part of the plaintiff, discloses that the memorandum was added during the lifetime of the deceased and at his instance and request. There was some evidence on behalf of the defendants that the memorandum was not on the contract at the time of the death of McPheeters. Upon that issue the trial court found against the defendants upon the conflicting evidence of witnesses who appeared in court and testified at the trial. The opportunity afforded the trial court to determine as to the credibility of these witnesses was such as to justify us in adopting the findings of the trial court as our own.

Some months after the contract was signed by the deceased the plaintiff was married to the witness, S. D. Hiskett. At the trial Hiskett was sworn and testified as a witness in behalf of his wife, over the objection of the defendants, and it is now contended that he was an incompetent witness and that without his testimony the evidence is insufficient to sustain the decree. It appears from the evidence, without dispute, that after the marriage of the plaintiff and the witness Hiskett he entered into the possession of the real estate involved under a

lease from McPheeters, and that under the lease he, with his wife, occupied the premises until the death of Mc-Pheeters; and that after the appointment of the executor he continued to reside there with his family under a lease with the executor; that his possession grew out of the relation of landlord and tenant; that the plaintiff had never acquired possession of the premises under the contract which she now seeks to enforce, and the question arises whether, under the facts, he was a competent witness against the representatives of the deceased. It has been held that, in an action by the husband against the representatives of a deceased person to enforce the performance of a contract with the deceased, the wife is an incompetent witness. *Wylie v. Charlton,* 43 Neb. 840, 851. It was there held that as an aid in the construction of our statute the common law tests applied, and, applying the test, it was demonstrated that the statutory right of dower of the wife, when once attached, remained a charge and incumbrance upon the real estate of the husband, unless released by the voluntary act of the wife or extinguished by operation of law, and that the statutory inhibition rendered the wife incompetent as a witness in behalf of her husband in that and similar cases, because of her direct legal interest in the result of the suit. It was also said in that case:

"While it seems clear that the term 'interest' was used in our statute in the common law sense, it is equally clear that by restricting the disqualification to those having a direct legal interest in the action the legislature intended to admit the testimony of some persons having interests not direct or not legal which at common law would have excluded them."

The right by curtesy is distinguishable from the right by dower in this: that it may be defeated by the deed of the wife and without the consent of the husband. Under the common law rule an heir apparent was held to be a competent witness in behalf of his ancestor, because his interest in the estate was liable to be defeated with-

out his consent and by the act of his ancestor, and his interest was, therefore, too remote to disqualify him as a witness. Applying that test to the question under consideration, it seems evident that the interest of the husband in the result of the controversy is so remote, for the reasons stated, that he was not disqualified and his evidence was properly received.

But it is argued that the plaintiff is estopped from maintaining the action because of the fact that her husband filed and had allowed a claim against the estate of decedent for board and supplies and material furnished. As affecting the appellants, however, it is sufficient to say that no evidence was admitted to establish the filing and allowance of such a claim. An offer to prove the fact of the making and allowance of the claim was denied by the trial court, and, in our judgment, rightfully. Such action on the part of the husband could not affect the rights of the wife.

We have carefully read the evidence and find that the decree has ample support in the facts adduced at the trial

The decedent, at the time he entered into the contract, was about 80 years of age.. He died about five years thereafter. During a portion of the period from the time of making the contract until his death he was entirely helpless. He needed care and attention of an extraordinary nature. No question is raised but that his every want was provided for and his declining years made comfortable. The plaintiff established by ample proof the performance of the conditions imposed upon her by the contract, and is entitled to the specific performance of the contract by the representatives of the deceased.

The questions discussed on behalf of the executor as plaintiff in error are substantially the same as those already discussed.

We find no prejudicial error in the record, and recommend that the decree of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.