Adams v. Seeley.

JULIA A. ADAMS ET AL., APPELLEES, v. AFFA C. SEELEY ET AL., APPELLANTS.

FILED JUNE 26, 1913. No. 17,034.

Trial: MOTION TO DISMISS: SUBSEQUENT PROCEEDINGS. The fact that the defendant in the trial of a case to the court, when the plaintiff rests, interposes an objection that plaintiff has failed to establish a case, and moves that plaintiff's action be dismissed, does not preclude the defendant, in the event of a ruling adverse to his contention, from proceeding with the trial and offering such

evidence as he may have in support of his answer stating a de-fense, and it is prejudicial error for the court under such cir-cumstances to refuse to hear further evidence and to render a judgment for the plaintiff.

APPEAL from the district court for Frontier county: ROBERT C. ORR, JUDGE. *Reversed.*

*H. W. Keyes* and *J. L. McPheely,* for appellants.

*W. S. Morlan* and *J. L. White, contra.*

HAMER, J.

This is an appeal from the district court for Frontier county. The plaintiffs brought an action against the de-fendants seeking to quiet title to the N. W. ¼ of the S. E. ¼ and the S. W. ¼ of the N. E. ¼ of section 34, township 8, range 28 west of the sixth P. M., in Frontier county. The record shows that the plaintiffs introduced their testimony and rested. Then the defendants moved the court to find for the defendants and to dismiss plaintiffs' case. There-upon the plaintiffs asked the court that the case be sub-mitted upon the pleadings and evidence. After that the defendants asked leave to withdraw their motion to dis-miss and to introduce further testimony in support of the allegations of their answer, and this was denied.

The journal entry touching the motion of the defendants to dismiss the plaintiffs' case and to introduce further evidence in support of the allegations of their answer shows: "The plaintiffs introduced their testimony and rested. Thereupon the defendants moved the court, on the pleadings and the evidence introduced, to find for the defendants and dismiss plaintiffs' case. Upon said motion of the defendants, the plaintiffs joined, and asked that the case be submitted upon the pleadings and the evidence already introduced on behalf of the plaintiffs. Thereupon the defendants asked leave to withdraw their motion to dismiss, and to introduce testimony in support of the allegations of their answer. Said motion of the defendants

was denied by the court, to which ruling of the court the defendants duly excepted."

The journal entry further shows that there was a judgment in favor of the plaintiffs quieting the title to the land above described. An examination of the bill of exceptions fully sustains the journal entry touching the motion of the defendants to dismiss the action and what was said and done by the plaintiffs; that the defendants attempted to withdraw their objection and to offer the court testimony in support of their answer to the petition; and that the offer to withdraw the objection and the offer to produce testimony were both denied. Counsel for the defendants offered to call one John Melvin to the stand, whereupon counsel for the plaintiffs, Mr. Morlan, said: "I think this thing has gone far enough. We object to John Melvin taking the stand, and, further, the counsel is in contempt of court. * * * Mr. McPheely: The defendants, Paul S. Seeley and Affa C. Seeley, now offer to prove— Mr. Morlan: We object to making any offer to prove anything; the court has ruled on this, and no offer should be made in the present condition of the case. Objection sustained. Defendants except."

We think an examination of the authorities will conclusively show that the action of the trial court was an abuse of discretion. In *Gillette v. Morrison,* 9 Neb. 395, counsel for the plaintiff asked leave of the court to withdraw his rest, and for leave to introduce the journal entry showing the setting aside of the other journal entry constituting a judgment against the defendant. The court refused the request and sustained the motion for nonsuit. Held, that the district court should have granted the request of counsel for the plaintiff, and that his refusal to do so was an abuse of discretion, for which the judgment must be reversed and a new trial granted.

Section 1 of the code provides: "Its provisions, *and all proceedings under it,* shall be liberally construed, with a view to promote its object and assist the parties in obtaining justice." Would that be a "liberal construction," and

would it tend to "assist the parties in obtaining justice" to forbid the defendant to prove his defense, as alleged in his answer, simply because he objects to the sufficiency of plaintiff's evidence?

The error of the trial court is doubtless due to the fact that it mistook the rule applicable to cases being tried before a jury where each party moves for a directed verdict to be applicable to this case. There is no similarity, and in this case counsel for the defendants *was careful not to agree to submit the case upon the evidence.* He was all the time seeking to *reserve* the right to *introduce his evidence.* He made his motion objecting to the sufficiency of the evidence for the plaintiffs, but he never waived his right to introduce evidence on behalf of his clients to establish their defense. The judgment of the district court is reversed.

REVERSED AND REMANDED.