SARAH ALICE KISER, APPELLANT, V. EOLA PEARL SULLIVAN ET AL., APPELLEES.

FILED JULY 7, 1921. No. 21591.

1. **Witnesses: COMPETENCY.** In an action by a nonresident married woman against a representative of a deceased person to recover title to lands in this state, her husband is a competent witness to testify to conversations with such deceased person, notwithstanding the provisions of section 7894, Rev. St. 1913. *Holladay v. Rich,* 93 Neb. 491, distinguished.

2. **Evidence: SELF-SERVING DECLARATIONS.** Self-serving declarations made by a decedent are incompetent to disprove a prior agreement to reconvey lands.

3. **Evidence** examined and found sufficient to sustain the judgment of the district court.

4. **Trusts: CREATION: STATUTE OF FRAUDS.** A constructive trust is not created by a daughter conveying lands by warranty deed, without consideration, to her father, upon an oral agreement with him that he will reconvey the lands to her upon his death or upon her request; but such transaction is an attempt to create an express trust, and, not being in writing, is inhibited by the statute of frauds.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Halligan, Beatty & Halligan,* for appellant.

*William E. Shuman* and *John Grant, contra.*

Heard before LETTON, DAY and DEAN, JJ., GOOD and RAPER, District Judges.

GOOD, District Judge.

This action was brought in the district court for Lincoln county, to establish and enforce an alleged constructive trust in lands situate in said county. Defendants prevailed, and plaintiff appeals.

Sarah Alice Kiser is the plaintiff and Eola Pearl Sullivan and Charles Sullivan, husband and wife, are defendants. The plaintiff and defendant Eola Pearl Sullivan are sisters, and both are daughters of Jeremiah Snider, deceased.

Plaintiff alleges in her petition that she was the owner of the northwest quarter of section 26, township 13, range 28, in Lincoln county, by virtue of a patent issued to her by the United States government, on the 7th day of March, 1890, and that she had on the 15th of February, 1888, made final proof under homestead entry to entitle her to such patent; that plaintiff and her husband, in March, 1888, at the oral request of her father, executed a mortgage on said lands to the Lombard Investment Company for the sum of $650, and that she received no part of the proceeds of the mortgage loan, but permitted her father to receive the proceeds for his use and benefit; that plaintiff and her husband, on the 19th day of May, 1888, at the request and solicitation of and for the purpose of providing a home for her father deeded said lands to him, with the express oral understanding and agreement with him that at his death, or at such time as she should request a reconveyance, said lands should be reconveyed to her; that she received no consideration for the conveyance of said lands to her father, and that by reason of the re-

lationship and the confidence reposed in him she relied upon his oral promise to reconvey said lands to her, and by reason of the transaction a constructive trust was created and her father became a trustee, holding the legal title for her benefit; that her father, in violation of his trust, in his last will, which has been admitted to probate, devised said lands to the defendant Eola Pearl Sullivan, who claims by virtue of said devise to be the owner of said lands. Plaintiff asks the court to decree that Eola Pearl Sullivan holds the legal title to said lands in trust for the plaintiff, and that she be required to convey the same to her.

The defendants deny that there was any agreement on the part of Jeremiah Snider to reconvey the lands to plaintiff, and deny that the transfer of the land was without consideration, and allege that the statements in the petition are insufficient to constitute a cause of action, and other matters of defense, which need not be considered.

1. On the trial the plaintiff called as a witness her husband, and he testified to conversations with Jeremiah Snider occurring shortly before the execution of the mortgage to the Lombard Investment Company, and to other conversations occurring shortly prior to the execution of the deed to him by plaintiff and the witness. The conversations related to the conveyance of the lands, and tended to support plaintiff's contention that there was no consideration for the conveyance, and that an agreement existed that said Jeremiah Snider should reconvey the lands to plaintiff. This, however, was received over objection that the witness was incompetent to testify to the conversations, because of the prohibitions contained in section 7894, Rev. St. 1913, which provides: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness." The testimony was excluded from consideration in rendering judgment for the

Kiser v. Sullivan.

defendants.

Plaintiff contends that this evidence was admissible and should have been considered. The precise question is as to whether the witness had a direct legal interest in the result of the suit. If so, the evidence should have been excluded; and, if not, then it was properly admitted and should have been considered. The record discloses that at the time of the trial, and for many years immediately previous thereto, the plaintiff and her husband had been residents of Oregon. Under the provisions of section 1269, Rev. St. 1913, if a married woman owning lands in the state of Nebraska is a nonresident thereof, she may convey the same by her deed, without her husband joining in such conveyance. Under this statute, while plaintiff and her husband were residents of another state, she could, without the consent of her husband, and without his joining in the deed, sell and convey any lands that she might own in Nebraska. Had she succeeded in this action, he would have had no interest in the lands that he could sell and convey. He would have no other than an indirect interest in the success of his wife, and the possibility of inheriting from her in the event she should predecease him while owning lands in this state. The possibility of inheriting is not a direct legal interest, and would not disqualify the witness. *Rine v. Rine,* 100 Neb. 225. It follows that, as he had no direct legal interest in the result of the suit, he was not disqualified by the statute from testifying, and his evidence should have been considered in deciding the case. His testimony is in the record, and, as this is a trial *de novo,* it will be considered. We are not unmindful that this court has held, in *Holladay v. Rich,* 93 Neb. 491: "In an action by a married woman for specific performance of a contract to convey real estate, her husband has a direct legal interest in the result, within the meaning of section 329 of the Code (Rev. St. 1913, sec. 7894)." From a reading of the opinion, however, it is clear that the learned justice was then speaking of a situation where the parties were resi-

Kiser v. Sullivan.

dents of this state; and under the decedent law in this state, where the husband and wife are residents of the state, neither could convey his or her lands without the consent of the other, and the husband would have a direct legal interest in any lands of which the wife was seised during coverture; and, of course, as applying to a situation where husband and wife were residents of Nebraska, and the adverse party was the representative of a deceased person, the husband would not be a competent witness for the wife as to any conversations had with the representative's decedent.

2. Plaintiff complains because of the admission of certain evidence on behalf of the defendants. A number of witnesses were called to testify to conversations with Jeremiah Snider, in which he stated his intention to devise the lands to Eola Pearl Sullivan, and tending to negative the idea that he had promised to reconvey the land to plaintiff. This, however, was in the nature of a self-serving declaration, and was not competent to disprove a prior promise to reconvey, and was clearly incompetent. It has been held, in *Harrison v. Harrison,* 80 Neb. 103, that "declarations against interest cannot be annulled or explained away by counter declarations;" and in *Dalby v. Maxfield,* 91 N. E. 420, (244 Ill. 214), the supreme court of Illinois, in passing upon the same question, held: "Self-serving statements made by decedent during his last illness in regard to the disposition of his estate, inconsistent with the existence of the contract to will it to defendant, were inadmissible to negative such agreement." See, also, *Oliphant v. Liversidge,* 142 Ill. 160, and *Oswald v. Nehls,* 233 Ill. 438.

3. Plaintiff contends that the judgment is contrary to the weight of the evidence. We have carefully read and considered all of the evidence, and, after excluding the evidence that was improperly admitted and considering that which was excluded from the consideration of the trial court, we have reached the same conclusion as did the trial court. The evidence in support of the alleged

oral contract consists almost exclusively of the testimony
of plaintiff and her husband; the plaintiff testifying to
conversations which she overheard between her father and
her husband, and the latter testifying to conversations
had between him and Jeremiah Snider and to conversa-
tions he had overheard between his wife and her father.
It is conceded that these conversations tend very strongly
to sustain the plaintiff's contention, but it must be re-
membered that they are vitally interested, and self-in-
terest tends to color the testimony, even where the witness
is void of corrupt intent. After the lapse of more than
30 years it is rather strange, to say the least, that the
evidence of the plaintiff and her husband should dove-
tail so completely, and that she would remember the
conversations which she overheard in almost the identical
words and in the same sequence as her husband; and it is
more than passing strange that more than 30 years should
elapse without this alleged contract ever being directly
referred to between the parties; and that, where there
were several members in the family and at home at the
time of the contract, none of the other parties had any
actual knowledge of the contract. It is also remarkable
that the deed, absolute upon its face, was made for the
purpose of giving to plaintiff's father a home during his
lifetime, when a life lease would have answered every
purpose, especially when a competent attorney was con-
sulted, who was doubtless familiar with the purpose of
the conveyance and who drew the same. It is also sig-
nificant that at the time of the conveyance plaintiff's
father was in ill health and was not expected to long sur-
vive. The plaintiff moved away from the state, and she
never made any inquiry, so far as the record discloses,
as to whether the taxes upon the place were paid, nor
did she ever request a reconveyance to her. The deed
upon its face recites a consideration of $1,600. There is
no competent evidence that plaintiff did not receive any
of this consideration. It is true that plaintiff's husband
testified that they received no part of the consideration,

Kiser v. Sullivan.

but he was not present when the deed was delivered. The rule of law is well established that an oral contract of this character can only be established by evidence that is clear, convincing, and satisfactory, and that the very terms of the conveyance are evidence and must be overcome. *Doane v. Dunham*, 64 Neb. 135. After a careful consideration of all the evidence, we find that it is not "clear, convincing, and satisfactory."

4. There is still another reason why the plaintiff is not entitled to recover in this action. Plaintiff in her action seeks to establish a constructive trust in the defendant Eola Pearl Sullivan. It will be conceded that Mrs. Sullivan can have no greater right to this land than would her father, if living; and the converse is true, that the plaintiff can have no greater right against the defendant than she could have had if the action had been brought against her father in his lifetime. If the transaction between the plaintiff and her father creates a trust, then the defendant Eola Pearl Sullivan should be held to be a constructive trustee, as she took title to the lands as devisee under her father's will; but the conveyance of the land by Mrs. Kiser to her father, upon an oral agreement that he would upon his death or upon her request reconvey the lands to her, did not create a constructive trust, but was an attempt to create an express trust, and, not being in writing, is inhibited by the statute of frauds. That an express trust cannot be created by parol, and that an attempt to do so falls under the ban of the statute, has been so often decided that a citation of authorities to sustain the proposition would be a work of supererogation.

The judgment of the district court is

AFFIRMED.