ROSA OFT, APPELLEE, v. MINNA OHRT, APPELLANT.

FILED APRIL 26, 1935. No. 29251.

*Robins & Yost,* for appellant.

*John A. McKenzie, contra.*

Heard before GOSS, C. J., GOOD, DAY and CARTER, JJ., and LOVEL S. HASTINGS and LIGHTNER, District Judges.

CARTER, J.

This is an action brought by Rosa Oft, the appellee, against her daughter, Minna Ohrt, the appellant, for the

amount due under the terms of an annuity clause contained in a deed to certain real estate conveyed by appellee and her husband to the appellant. The trial court found for the appellee and entered judgment for the sum of $1,084.79. From the overruling of her motion for a new trial, the appellant brings the case here for review.

The record shows that on February 8, 1919, Eggert Oft and Rosa Oft, his wife and appellee herein, conveyed 153 acres of land to their daughter, Minna Ohrt, by warranty deed containing the following clause: "The grantee herein, agrees to pay to the grantors, as long as either one may live, Five Hundred Dollars ($500) on the first day of September each and every year, this being part of the consideration." The evidence is undisputed that each and every annual payment was made up to and including the year 1930. On September 1, 1931, the sum of $50 was paid on the amount that came due on that date. This suit was commenced to collect the balance of the 1931 annual payment and the whole of the 1932 amount.

In her answer, the appellant alleged that it was the understanding and agreement of the grantors and grantee of the deed at the time it was executed and delivered that the consideration was for services rendered in the past, and that the $500 annual payment was conditioned upon said payment being necessary for the support and maintenance of grantors or either of them, and conditioned also upon the land producing $500 above costs during the year for which said payment is requested, and further conditioned upon each of the daughters to whom conveyance is made of even date paying equal amounts necessary and proper for support and maintenance, and asked to have the deed reformed to correctly state the agreement. Appellant further pleads that the farming operations have resulted in a loss for the years 1931 and 1932 and as a result thereof there is nothing due.

Under our previous holdings, a deed may be reformed to make it comply with the true agreement entered into, unless it is a voluntary conveyance. *Beall v. Martin,* 48

Neb. 479; *Mitchell v. Griffith*, 87 Neb. 140. That the deed of conveyance was not a voluntary one is very apparent. A deed given for a valuable and meritorious consideration is not a voluntary conveyance and may be reformed so as to set forth the true agreement of the parties. In *Pinkham v. Pinkham*, 60 Neb. 600, it was held: "A deed of conveyance founded upon a consideration to be paid to a third party therein named, and for labor expended on the premises conveyed, and for care and support of the grantor, is not a voluntary instrument, and mistakes in its execution may be corrected in a court of equity." The case at bar falls squarely within the above rule.

Appellee contends that the offered evidence by appellant is violative of the parol evidence rule and inadmissible for that reason. To this we cannot agree. This court has held: "The courts are invested with authority 'to reform,' as it is called, a written contract, when, by mistake or fraud, the written instrument does not express the actual contract made by the parties. This is but another method of stating the rule that a party when sued upon a written contract may show by parol testimony that through fraud or mistake the written instrument exhibited does not recite the contract actually made." *Slobodisky v. Phenix Ins. Co.*, 52 Neb. 395.

In support of this defense, the appellant offered the testimony of herself, her husband and others as to conversations she had with her parents prior to the execution and delivery of the deed concerning the terms under which the land was to be conveyed. This was objected to on the ground that it was a conversation and transaction between the appellant and a deceased person and was therefore barred by section 20-1202, Comp. St. 1929. The trial court sustained the objection and the ruling is one of the errors of which complaint is made.

Were the appellant and her husband competent witnesses? Section 20-1202, Comp. St. 1929, is in part as follows: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse

party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness." There can be no question that appellant has a direct legal interest. Has the husband a direct legal interest? We hold that he has. This precise question was passed on by this court in *McEntarffer v. Payne*, 107 Neb. 169, wherein the court said: "Appellant argues that her husband has no direct legal interest. We think the correct solution of this lies in the answer to the question: Will the husband gain or lose by direct legal operation of a judgment in this case? This was under consideration in *Holladay v. Rich*, 93 Neb. 491, and, because the husband has an interest in her real estate, under the present statute, which cannot be defeated by any act of the wife, it was held that the husband could not testify." In *Holladay v. Rich*, 93 Neb. 491, it was held: "In an action by a married woman for specific performance of a contract to convey real estate, her husband has a direct legal interest in the result, within the meaning of section 329 of the Code." The question is then raised whether the appellee, as the widow of Eggert Oft, deceased, is a representative of the said Eggert Oft. In *McCoy v. Conrad*, 64 Neb. 150, it was said: "If a party is so placed in a litigation that he is called upon to defend that which he has obtained from a deceased person, and make the defense which the deceased might have made if living, or to establish a claim which the deceased might have been interested to establish if living, then he may be said, in that litigation, to represent a deceased person." This language is quoted with approval in *McEntarffer v. Payne, supra.* Also, in *Holladay v. Rich, supra,* it was held: "In an action to set aside a deed executed by a person afterwards deceased, because the same was executed in violation of an alleged contract of the grantor with the plaintiff, the defendant who claims under such deed is the representative of a deceased person, within the meaning of section 329 of the Code." Clearly, under these authorities, the appellee is a representative of a deceased

person within the purview of the statute. We therefore hold that appellant and her husband are not competent witnesses in the case at bar. The appellant contends that the conversations were with the appellee, and not with the deceased person. If this were true, the agreement which appellant is attempting to establish would not have been binding upon the deceased grantor and would be objectionable for that reason. The deceased was the grantor of the land conveyed and certainly a change in the terms of the conveyance could not be shown in any event unless it was established by competent evidence that the deceased was a party to the true agreement. The evidence discloses that the purported conversations were with the "parents" of the appellant. This shows that the deceased was a participant in all the conversations and the statute therefore applies.

Appellant contends that, even if she and her husband were incompetent witnesses, the other witnesses called were competent and should have been permitted to testify. The other witnesses were the two sisters of the appellant and their husbands. We are convinced that they are not barred as incompetent witnesses by virtue of section 20-1202, Comp. St. 1929. While it is true that each of the sisters had a similar contract with the appellee and her deceased husband and are possibly indirectly interested in the result of the case at bar, yet the authorities seem to hold that they are not barred. In the case of *Lyon v. Ricker*, 141 N. Y. 225, it was held: "The fact that the brother of the plaintiff occupies the same position in regard to his seventy-five acres as the plaintiff does to the land described in this deed, does not render the brother's evidence incompetent." In *Hobart v. Hobart*, 62 N. Y. 80, it was held: "In an action by an heir at law of a deceased grantor, to set aside deeds, because of incompetency, and for fraud and undue influence, other heirs, not parties to the action, are not interested in the event thereof within the meaning of section 399 of the Code, and may testify as to personal transactions and communications

between them and the deceased, and to any facts which any other witnesses might testify to. The success of the plaintiff would not affect them, as the deeds would still be valid against them. At most they are only interested in the questions involved, but this does not disqualify them, only going to their credibility." We believe the argument contained in these cases is sound and that the two sisters of appellant, and their husbands, were competent witnesses.

The appellant offered to prove by these witnesses what the true contract was and that it was entered into in its present form because of a mistake of the parties thereto. Appellant was entitled, under the allegations of her answer, to have this evidence submitted for the consideration of the court, and if she could sustain her allegations by the proof required by the law, she would be entitled to have the deed reformed. We are of the opinion that they were competent witnesses and that the trial court should have received their evidence.

In view of the fact that the error of the trial court in rejecting this testimony necessitates a new trial of the case, it will not be necessary for us to consider other alleged errors which appellant contends were prejudicial.

REVERSED.