FRANK S. MASSARI, ET ALS.
*vs.*
ELIZABETH ESPOSITO

Superior Court        New Haven County        File No. 56804

MEMORANDUM FILED JUNE 13, 1939.

*Herbert L. Emanuelson*, of New Haven, for the Plaintiffs.

*Nicholas P. Nanos*, of Stamford, for the Defendant.

O'SULLIVAN, J.  The plaintiffs, three in number, and the defendant, are brothers and sisters.  In 1931, their father owned a parcel of land in New Haven which, on April 21st of that year, he deeded to the defendant for the attempted purpose of placing it beyond the reach of his creditors.  At the same time, the defendant verbally promised to permit him and his wife to enjoy the use and income of the property for their natural lives, and, upon their death, to share the property with her brothers and sisters in equal parts.  Both father and mother have died but nonetheless the defendant has continuously refused to honor her agreement concerning distribution.  A portion of the relief sought requests an order that the defendant be required to deed to the plaintiffs their proportional interests.  Further relief asks an accounting for the income flowing from the property prior to the father's death.

The demurrer to the complaint is divided into Part A and Part B.  One of the reasons set forth under the latter challenges the complaint in so far as it states a cause of action entitling the plaintiffs to an accounting of the income received prior to the father's death on the ground that his personal representative is not a party to the action.  Whether the demurrer should have been addressed to the relief rather than to the complaint is of no moment, for it is too obvious to merit any discussion that, in the absence of the father's personal representative, these plaintiffs have no cause of action to warrant an accounting.  And, if memory serves me rightly, counsel for the plaintiffs so conceded during argument.

The more vital question, promoted by reasons under Part A of the demurrer, is whether or not the well pleaded facts may carry the plaintiffs beyond the statute of frauds. This defense may, of course, be raised upon demurrer. *DiBlasi vs. DiBlasi,* 114 Conn. 539.

The complaint alleges an express trust, which encounters the statute because it was verbal and there is an absence of allegation that the terms of the trust were sufficiently performed to remove the bar. But the complaint goes further in that it alleges the existence of a relationship from which a constructive trust may or may not arise. The same facts which create an oral express trust are capable of causing a constructive trust to arise by operation of law. Restatement, Trusts, §§44, 45. In the case of *Verzier vs. Convard,* 75 Conn. 1—a case, by the way, with not dissimilar facts—the court looked to the record to ascertain whether a constructive trust might not have been created, even where, concededly, the complaint alleged an express trust. It failed to find, however, anything to establish any one of the factors upon which a constructive trust is grounded. These are, it will be recalled, fraud, misrepresentation, imposition, circumvention, artifice or concealment, or abuse of confidential relations.

The instant case offers a situation of a father dealing with his daughter. Such a relationship is ordinarily deemed to be of a confidential nature. *Seeds vs. Seeds,* 116 Oh. St. 144, 156 N.E. 193; *Luther vs. Luther,* 226 Pa. 144, 75 Atl. 192; *Bates vs. Bates,* 182 Ky. 566, 206 S.W. 800; *Cotter vs. Cotter,* 82 Conn. 331. But it does not necessarily follow that the relationship is confidential. *Neagle vs. McMullen,* 334 Ill. 168, 165 N.E. 605; *Kiser vs. Sullivan,* 106 Neb. 454, 184 N.W. 93; *Rabassa vs. Raab,* 95 N.J. Eq. 255, 122 Atl. 309.

Hence, it becomes a matter of proof, which obviously cannot be forecast by a demurrer. If these plaintiffs should establish that the transfer was prompted by an abuse of a confidential relationship, a constructive trust would spring out of the transaction. Should this occur, the statute would furnish no means of excluding parol testimony.

In discussing this case, I have ignored the reason which prompted the grantor to convey in the hope that he might escape his creditors. Whatever turpitude he may have been guilty of cannot be visited upon innocent plaintiffs who are

also his heirs. *Finnegan vs. LaFontaine,* 122 Conn. 561.

Accordingly, the demurrer is sustained as to Part B; over-ruled, as to Part A.